### Eichelberger *against* Morris.

Testator appointed, as his executors two persons who were indebted to him on bond, one as principal, the other as surety. *Held*, that this was a release of the bond as to both, and that the amount thereby became assets in the executor's hands.

ERROR to the common pleas of *York* county.

Debt on bond. Charles A. Morris, administrator of John Morris, against Charles A. Barnitz, Esq., and Thos. Eichelberger, executors of the will of Frederick Eichelberger, deceased.

Case stated considered in the nature of a special verdict.

On the 21st day of April 1807, Frederick Eichelberger, the defendants' testator, and Thomas Eichelberger, one of the defendants, executed a joint and several bond to Dr John Morris, the plaintiff's testator, conditioned for the payment of 300 dollars on the 21st of April 1808, with interest from date, (*pro ut* said bond hereunto annexed,) which said bond, principal and interest is still due and unpaid. Dr Morris, the plaintiff's testator, made his will appointing Thomas Eichelberger, one of the defendants, Andrew Cramer and Jacob Hay, executors thereof, who, on the 1st day of December 1808, duly proved the said will and took upon themselves the administration of the estate. On the 5th of December 1808, they filed an inventory of the personal estate of the deceased, which included the bond upon which this suit is brought; and on the 10th of August 1815, they settled their administration account in which they charged themselves with said inventory. A balance was then exhibited in their hands of 20,741 dollars and 12 cents. The legatees of Dr Morris, on the 21st November 1828, received from the administrators of Jacob Hay the balance due on the account, accepting in part payment thereof the aforesaid bond, and released the estate of the said Jacob Hay, deceased, in full. On the 4th of August 1830, Thomas Eichelberger and Andrew Cramer presented their petition to the orphans' court of York county, setting forth that they had never received or administered on any portion of the estate of the said John Morris, deceased, and praying that they might be discharged from their executorship. The prayer of said petition was granted by said court, and letters of administration, with the will annexed, duly

[Eichelberger v. Morris.]

issued to the plaintiffs in this suit. Said Thomas was responsible from the giving of the bond until 1830; since that he is insolvent.

Frederick Eichelberger died on the ——— day of June 1823. His will was proved by the defendants on the ——— day of June 1823, and letters testamentary were granted to them. Frederick Eichelberger executed said bond as surety of said Thomas Eichelberger. If upon these facts the plaintiffs are entitled to recover, then judgment to be entered in their favour for 300 dollars with interest, from the 21st of April 1807. Otherwise for defendants.

The court below (Hayes, president) rendered a judgment for the defendant.

*Chapin,* for plaintiff in error
*Lewis,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—If a creditor makes his debtor executor, it is an extinguishment of the debt, for he cannot sue himself: and being a personal action, if once suspended it is gone forever. 3 *Bac. Abr.* 11; *tit. Executors, A.* 10. But though it is a discharge of the action, yet the debt is assets, and the making him executor does not amount to a legacy, but to payment and release. If H. be bound to J. S. in a bond of £100, and then J. S. makes H. his executor, H. has actually received so much money and is answerable for it; and if he does not administer so much, it is a *devastavit.* Per HOLT, C. J. *Salk.* 306. That is, as he afterwards adds, where there is an acceptance of the administration by the executor, or, in case several are appointed, by some of them. *Ibid.* See also Thomas *v.* Thompson, 2 *Johns. Rep.* 473. Dr Morris appointed Thomas Eichelberger, the principal co-obligor with Frederick Eichelberger in the bond, to be one of his three executors, and the executors administered. This was a release of the bond to Thomas Eichelberger, and of course a release and discharge of Frederick his co-obligor and surety. The amount of it thereby became assets in the hands of Thomas Eichelberger, for which he was accountable to creditors and legatees of the testator, as so much of the moneys of the testator in his hands to be administered: but the bond itself, the source whence this amount of assets came, was extinguished. Not only so, but it appears that in 1815, several years after the death of Dr Morris, the executors settled an account in which they charged themselves with the amount of this bond, thereby agreeing that it was paid into their hands. In 1828, Jacob Hay, one of the executors, delivered up the bond to the legatees in part payment, taking a release from them, and in 1830 the other two executors were discharged, on the ground that they had never received any of the estate, and the present plaintiffs were appointed administrators of the testator, and bring this suit against the de-

fendant, the co-obligor and surety. It is questionable whether these proceedings would not have discharged the surety, even had the co-obligor with the defendant been a third person and not one of the executors. For the executors had all made themselves chargeable in account for the amount of the bond, and were released by the acts of the legatees. But on the other ground the bond was clearly extinguished.

Judgment affirmed.