## GARBER *v.* The COMMONWEALTH.

A decree of the Orphans' Court against an administrator, is conclusive as to his sureties.

Sureties of an administrator may appeal from a decree against him.

Insolvent administrator may claim credit for a debt due by himself to his intestate, for the sake of discharging his sureties.

In error from the Common Pleas of Montgomery.

*Dec.* 31. This was an action against the administrator of Garber and his sureties, on the administration bond, to the use of the distributees of the intestate. The plaintiffs gave in evidence the proceedings in the Orphans' Court on a citation to the administrator to file his accounts, which were referred to an auditor, who reported a balance due to the estate, which was confirmed. Subsequently, an auditor was appointed to make distribution, who reported a sum due to Dennis O'Brien, the real plaintiff in this action. On confirmation of this report, a *fi. fa.* issued, against the administrator, and was returned *nulla bona.*

The defendants offered to show that the drawers of a note, (one of whom was the administrator,) belonging to the estate, and with which the administrator was charged by the auditor, were insolvent at the time the inventory was made out, and it had always been irrecoverable.

The court rejected the evidence, and directed a verdict for the amount found due on the distribution account by the auditor's report; and these were the errors assigned.

*Mulvany,* for plaintiff in error.—The administrator could not claim credit before the auditor, on account of his own insolvency. [*Per Curiam.*—He should have done so for the sake of his sureties.] If the report is conclusive as to him, it cannot be as to the sureties who were not in court, and could not have appealed from the decree. It is like the case of a judgment against a warrantee, which is only *prima facie* evidence against the warrantor, unless he had notice of the action: Beach *v.* Ranney, 2 Hill, 312 ; Ordinary *v.* Wallace, 1 Rich. 512 ; Dawes *v.* Shed, 15 Mass. Rep. 6.

*G. R. Fox,* contrà.—The act of 1832 makes the decrees of the court conclusive, and not examinable collaterally.

*Jan.* 12. ROGERS, J.—This is an action of debt, on an administration bond, against Jacob Garber, who was the administrator

of Dennis O'Brien, and William Kennedy and William Henry, his sureties. The action, which is joint, is brought to recover the amount due, on settlement of the administration account in the Orphans' Court, and the question arises on the rejection of evidence, tending to prove a mistake in the decree.

That the decree in the Orphans' Court is conclusive, would seem to be settled by the act of the 29th of March, 1832. In that act, second section, after a series of decisions to the same effect, the legislature declares the Orphans' Court to be a court of record; that its proceedings and decrees, in all matters within its jurisdiction, shall not be reversed or avoided, collaterally, in any other court; but that they shall be liable to reversal, modification, or alteration (only) on appeal to the Supreme Court. We think the court was right in ruling out the evidence; because it is an attempt to impeach the decree collaterally in another court, and not, as is described, by appeal to a higher tribunal. As this is a joint suit, it cannot be doubted this would be the effect of the evidence, as the alteration would enure to the benefit of the principal as well as the sureties; for as the suit is joint, the judgment must be joint. A judgment cannot be rendered for one sum against the principal, and for a different sum against his sureties. But waving this objection, which may be considered technical, is this decree open to alteration or modification at the instance of sureties? The defendants contend, that it is because it is a rule that no person is bound by a judgment or decree but those who are parties to the suit or privies. This doctrine, which it is not my purpose to deny, is thus stated in the Dutchess of Kingston's case, 20 State Trials, 538. It is a general principle, that a transaction between two parties, or judicial proceedings, ought not to be binding on a third; for it would be unjust to bind any person who would not be admitted to make defence, or to examine witnesses, or to appeal from a judgment he might think erroneous. That there are some exceptions to the rule, is decided in Masser v. Strickland, 17 Serg. & Rawle, 354, and Evans v. The Commonwealth, 8 Watts, 398. It is there held, that in an action against the sureties of a constable, on his official bond, to recover the amount of a judgment for which the constable became liable, the judgment previously obtained against the constable himself is conclusive evidence of the liability of the sureties. The reasoning of Mr. Justice Huston, who delivered the opinion of the court in Masser v. Strickland, adopted by Mr. Justice Kennedy in Evans v. The Commonwealth, applies with at least equal force to the sureties in an administration bond. In the lat-

ter case, the parties refer themselves to the Orphans' Court, as the proper tribunal to settle the accounts of the administrator. For the condition of the bond, taken in conformity to the act, is, that the residue of the estate which shall be found remaining upon the administrator's account, the same being first examined and allowed by the Orphans' Court having jurisdiction, he, the administrator, will deliver and pay to such person or persons as the Orphans' Court, by the decree or sentence pursuant to law, shall limit and appoint. The condition contains a stipulation to pay the amount found due on settlement, in the proper and appropriate tribunal, to the persons entitled.

Besides, to bring the case within the principles ruled in the Dutchess of Kingston's case, it must appear the sureties are without remedy in the Orphans' Court; that they would not be admitted to make defence in that court, or to appeal from the decree. But in the case of sureties on an administration bond, on the contrary, it seems to me to be clear, that the 59th section of the same act, which declares that *any* person aggrieved by a definitive sentence or decree of the Orphans' Court may appeal to the Supreme Court, comprehends this case. And they cannot, with any propriety, be considered as strangers to the decree; they would be permitted to come in and defend *pro interesse suo*. This, then, is not a question of right, but of favour. If aggrieved, they are not without remedy. They may apply to the Orphans' Court, which is the proper and appropriate tribunal for the investigation of the accounts of an administrator—more competent (possessing as they do, in all matters within their jurisdiction, the powers of a Court of Chancery) to administer relief than a court of common law can be. The experience of every day shows the importance of keeping the respective courts within the proper limits. Indeed, it is essential to the administration of justice, to preserve to the Orphans' Court all the powers vested in it by law. The inconvenience and injustice resulting from permitting the decrees of that court to be examined, collaterally, was long felt, and has at length been happily put at rest by legislative enactment. As, then, the sureties have a remedy in the Orphans' Court, there is no room for the application of the principle insisted on by the plaintiff in error.

Judgment affirmed.