## Appeal of St. Joseph's Orphan Asylum.

|  |  |
|---|---|
| 38 | 535 |
| 19 SC | 548 |

*Auditor's Fees, by whom Payable.*

The fees of an auditor are payable by the party at whose instance he was appointed, but may be taxed and collected from the losing party, as other costs are taxed and collected.

THIS was an appeal by the St. Joseph's Orphan Asylum, from the decree of the Orphans' Court of *Chester county*, directing the asylum to pay the fees of the auditor and other officers of the court, in the audits on said estate.

Henry Kimber, executor, &c., of Henrietta Deville, filed his account August 6th 1853, showing a balance in his hands of $1566.02. Among the credits claimed by the accountant, there was one for about $4000, for money lost by unavoidable accident.

The asylum, as residuary legatee, filed exceptions to the account. An auditor was appointed by the court to "audit and examine." There were several hearings before the auditor, to whom the matter was twice committed: witnesses were examined by him and testimony taken in Philadelphia, and costs thus incurred amounting to $177.02.

[Appeal of St. Joseph's Orphan Asylum.]

On the 12th of March 1856, the auditor reported, finding a balance due the estate of $2900.14; deducting auditor's expenses left nett $2741.05. The report required Mr. Kimber to pay the expense of the audits; but he had left the state. The auditor, under the above facts, obtained a decree that the appellants should pay the expenses of the audits in the first instance, with the right of recovery against Mr. Kimber. From which decree the Asylum appealed.

*Wm. L. Hirst,* for appellants.—The right to these costs is statutory, and, under Act of 29th March 1819, are to be "fixed by the court, and paid and taxed as other costs." The act is silent as to who shall pay them, and should not be construed to inflict them on the successful party. By analogy, they should fall on the losing party. In this case, the fund pays them, and, to the amount of $159.01, the executor was directed by a previous order to pay. But the appellant is not liable.

*Wayne McVeigh,* for appellee.—The appellant confounds officers' fees with costs of the parties. They are not alike: 11 S. & R. 248. He who orders the service is liable on an implied contract: 7 Watts 186; Brightly on Costs 379; 13 S. & R. 101.

The opinion of the court was delivered by

Strong, J.—The case of the appellants is a hard one, but that will not justify us in relieving them by casting an equal or greater hardship upon an officer of the court. It was at their instance that he was appointed an auditor, and that he performed the services for which they are asked to pay. That they are liable for his fees is beyond question. The Act of 29th March 1819 (Stroud & Brightly's Purdon 68) provides that the fees of auditors are to be fixed by the court, and to be paid and taxed as other costs. They are to be paid, and they are to be taxed as other costs are taxed. Paid by whom? The court may compel the losing party to pay them; but if they cannot be obtained from that source, the auditor is not to lose them. Indeed the Act of Assembly seems to look as if they are to be paid before they can be taxed as costs against the losing party. Costs are a party's expenditures, and taxation of costs is presumably an adjudication of what he has expended. If he has paid the fees of an officer, he is allowed to charge them as costs. If he has not paid them, he is indebted for them until they are paid: Beale *v.* Commonwealth, 7 Watts 186; Moore *v.* Porter, 11 S. & R. 100. In a common·law court there can be no judgment in favour of an officer for his fees, and if they be not collected from the

[Appeal of St. Joseph's Orphan Asylum.]

loser, he can resort to the party who employed him by action. Not so in equity. There the whole proceeding is under the control of the court. More than one decree may be made in a single suit, and a chancellor is not obliged to resort to the aid of a court of law to secure the payment either of fees or costs. He may make such final or interlocutory decrees as to justice and equity may appertain. We think, therefore, there was no error in the order that the appellants should pay the auditor's expenses incurred at their instance.

The decree is affirmed.