## Church's Appeal.

103  263
142  252
103  263
185  501

103      263
19 SC 1547
103      263
25 SC 2421

1. An attachment for costs against the person of a defendant may properly be issued on a judgment or decree entered in a suit brought for the enforcement of a trust, notwithstanding the trust arose *ex contractu*, and the suit was in the nature of a proceeding for specific performance. Breaches of duty by trustees are excepted out of the operation of the Act of July 12th 1842 (P. L. 339).

2. Where an appeal was taken from a final decree of the common pleas, and a certiorari issued from the supreme court to remove the record therefrom, and subsequent to the certiorari, but prior to the actual removal of the record and the return day of the writ, the court amended its decree, and this decree, as amended, was affirmed by the supreme court,

*Held*, that in a subsequent proceeding in execution, it was too late to allege the irregularity of the amendment.

April 10th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from a decree of the Court of Common Pleas of *Luzerne county :* Of July Term 1882, No. 107.

This was an appeal by Joseph Church from an order of the said court, awarding an attachment against him for non-payment of costs.

The facts were as follows: On November 22d 1871, G. Stevens, et al., heirs of Charlotte Stevens, filed a bill in equity against Joseph Church and Charlotte, his wife, praying for a conveyance of a piece of land in the city of Scranton on the ground that a trust existed. On February 5th 1877, a decree was entered in favor of the complainants, from which decree the respondents took an appeal to the supreme court on February 28th, 1877 and on March 10th 1877, obtained a certiorari to remove the record. On January 28th 1878, before the record had been actually removed to the supreme court, the counsel for the complainants filed a notice of an application to the court of common pleas to amend the decree, for the purpose of correcting a clerical error therein, whereby a party plaintiff was omitted, and the property divided into sixteenths, instead of eighteenths. The court on February 4th 1878, decreed accordingly, and the record, with the amended decree, was certified to the supreme court. On April 13th 1880, a

remittitur from the supreme court was filed, in which the decree of the court below was affirmed. In January 1882, in pursuance of a previous order of the court, an attachment was issued against Joseph Church for non-payment of costs. Church thereupon took a rule to show cause why the attachment should not be set aside, which on March 30th 1882, was discharged. He then took this appeal, assigning for error the discharge of said rule.

*A. Ricketts*, for the appellant.—When the decree in this case was entered and an appeal taken, and certiorari issued to remove the record to the supreme court, no record remained in the court below, which could be corrected. After its removal, all subsequent acts of the common pleas were erroneous. An appeal transfers the whole case to the appellate court: 3 Bouv. Inst. 3366; Gardiner *v.* Murray, 4 Y. 560; Cox's Adm'rs *v.* Henry, 36 Pa. St. 445; Martzinger *v.* Smith, 9 W. N. C. 274; Light's Appeal, 22 Pa. St. 445; Hallowell's Appeal, 20 Id. 215; Buckingham *v.* McLean, 13 Howard 150.

The writ of attachment to enforce the payment of costs merely, was unlawful. We had obeyed the specific acts directed by the decree. We had simply failed, by reason of inability, to pay the costs. The process for collection of money simply, is fixed by sect. LXXXIII. of Equity Rules, to be " by a writ of execution, in the form used in the same court in suits at common law in actions of debt or assumpsit." Sect. LXXXI., as to process for compelling obedience to orders and decrees, providing for a writ of attachment, expressly contains the provision " unless otherwise provided by law." By the Act of 12th July, 1842, P. L. 339, abolishing imprisonment for debt, it is expressly " otherwise provided by law." For costs are a matter ex contractu : Lane *v.* Baker, 2 Gr. 424. A rule of court in contravention of an Act of Assembly is void : Vanormer *v.* Ford, 98 Pa. St. R. 177.

*Henry W. Palmer* (*Dewitt & Fuller* and *J. P. Hand*, with him), for the appellee.—The common pleas had power to amend its decree at any time before the actual removal of the record: Shamburg *v.* Noble, 30 P. F. S. 158; Berryhill *v.* Wells, 5 Binn. 60; Burrows *v.* Heysham, 1 Dall. 133; Spackman *v.* Byers, 6 S. & R. 385. An attachment will issue against a trustee in contempt for refusal to pay the costs of a suit in equity : Berdler *v.* Howell, 8 Phila. 273; Chew's Appeal, 8 Wr. 252.

Mr. Justice Trunkey, delivered the opinion of the court, May 7th 1883.

[Church's Appeal.]

From the final decree the respondents appealed, and filed the certiorari in the court of common pleas on March 10th 1877. Afterwards and before the return-day of the writ, said decree was amended in the court below, and the record, setting forth the decree as amended, was certified and returned. That is the decree which was affirmed and remitted for enforcement, and whether there had been irregularities in the procedure for the amendment is a matter of no concern in the execution. The alleged irregularities were prior to the final hearing and adjudication in the appellate court, and if it be conceded that the court below erred in making the amendment, the time for its correction was at or before that hearing; the decree, as affirmed, is valid until vacated by the court.

The bill was against Joseph Church and Charlotte, his wife, for a decree that they convey to the plaintiff certain undivided interests in a tract of land in accordance with an alleged trust created before and at the time the legal title to the land was vested in said Charlotte. Joseph Church was a necessary party, and it appears that he was an active party in contesting the plaintiff's demand. The result was a decree that Charlotte Church held the legal title to the land, that the defendants should convey said interests to the equitable owners thereof, and that the defendants pay the costs.

The Act of 1842 provides that no person shall be arrested or imprisoned on any civil process, issued in any proceeding for the recovery of money due upon a judgment or decree founded upon contract, or due upon any contract, or for the recovery of damages for the non-performance of a contract. This suit was not for the recovery of money, but for the enforcement of a trust and, therefore, without the statute. It may be that the trust grew out of a contract, and that the suit was akin to a proceeding for specific performance, yet it is not within the spirit of the statute, for breaches of duty by trustees are excepted out of its operation: Chew's Appeal, 44 Pa. St. 247.

Where the decree against a party is founded upon his tort, or upon his breach of duty as a trustee, the costs imposed upon him follow his wrongful acts. In an action for recovery of money founded upon a contract, the costs are of the same nature, and the defendant is not liable to arrest for either debt or costs: S. S. Pierce's Appeal, decided at this term (reported ante, page 27). But where the party is liable to arrest to enforce the payment of money, or the performance of a specific thing, he is, also, for the costs taxed against him in the judgment or decree.

> The order awarding an attachment is affirmed, and appeal dismissed at the costs of appellant.