## A. P. WILSON ET AL. v. W. A. P. WILSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF HUNTINGDON COUNTY.

Argued April 20, 1891—Decided May 4, 1891.

A decree in equity adjudging that the defendant was guilty of a breach of trust and of actual fraud in the matters complained of in the bill, and directing that he pay the costs of the proceeding, will be enforced by attachment. Such cases are excepted out of the operation of § 1, act of July 12, 1842, P. L. 339: Chew's App., 44 Pa. 247; Tome's App., 50 Pa. 285; Church's App., 103 Pa. 263.*

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 7 July Term 1890, Sup. Ct.; court below, No. 50 December Term 1887, C. P. in Equity.

On November 9, 1887, A. Porter Wilson and Annie D. Wilson filed a bill in equity against William A. P. Wilson and others, averring:

That on January 27, 1885, the plaintiffs and defendant Wilson were tenants in common of certain real estate in Huntingdon county, encumbered by judgments; that, in order to satisfy said encumbrances, the said tenants secured a loan of $20,000 on a mortgage of said lands, and the plaintiffs herein executed a power of attorney committing the care and management of said lands to the said W. A. P. Wilson, irrevocably during the continuance of said mortgage, and providing:

" And further, for us and in our names respectively and jointly

---

* Cf. McCarrell v. Mullins, 141 Pa. 513.

Statement of Facts.

to ask, demand, sue for, recover and collect, any and all sum or sums of money, debts, dues, products, rents and incomes, which may now be or hereafter become due and payable to us or either of us, for, or on account of, or arising from any portion of our said property and estate, and to open in a sound bank in Huntingdon, an account in the name of William A. P. Wilson, Attorney, in which shall be deposited all moneys collected from sales or letting of said real estate, or in any wise arising from the same, whether under the powers hereby conferred, or from the individual interest of the said William A. P. Wilson in said property and estate in which we have a joint interest with him in the counties aforesaid; out of and from which moneys there shall be paid first, the quarterly instalments of interest on the debt of twenty thousand dollars secured by the said bond and mortgage; second, the taxes on all of said real estate and property; third, the necessary expenses of the care and management of said property, and fourth, that out of said moneys our said attorney shall provide for the payment of the principal of said mortgage loan, with all interest due at the maturity thereof;—all such payments to be made pro rata out of the shares of such money as arise from the respective third parts or interests in said property and estate, belonging respectively to the said William A. P. Wilson, A. Porter Wilson and Annie D. Wilson, and to be so charged and entered in the accounts of our said attorney." *

Upon the foregoing and other averments, the bill prayed, inter alia, that the said W. A. P. Wilson be discharged from the trust created by the said power of attorney, for an account, and for further relief.

The bill was afterwards dismissed as to the defendants other than W. A. P. Wilson. An answer having been filed by the latter, and issue joined, the cause was referred to *Mr. Theo. H. Cremer*, as examiner and master, who subsequently made a report concluding as follows:

From the evidence in the case, the master finds the following facts:

1. That the trustee under the power of attorney failed to perform his duty faithfully towards his brother and sister under whose authority he acted.

---

* See Wilson v. Wilson, 137 Pa. 269.

Statement of Facts.

2. That he did not keep such a bank account as was required by the power of attorney under and by virtue of which he acted.

3. That he exceeded his authority under the power of attorney, in taking possession of the personal property of the estate, and selling part of the same, and applying the money to his own use.

4. That he has wasted the estate by careless management, and permitted it to be sold.

In conclusion : If anything were left for a decree to operate upon, a decree would be suggested that the said W. A. P. Wilson be discharged from the trust created by the power of attorney, and that a receiver be appointed, etc. But, as the mortgaged premises have been swept away, the only decree necessary is one concerning the costs of the suit.

—The master, therefore, recommended that a decree be made that the said W. A. P. Wilson pay all the costs of the proceeding, including the master's fee.

Exceptions filed by the defendant having been argued, the court, FURST, P. J., entered the following decree :

And now, October 14, 1889, upon due consideration of the facts, it is now adjudged and decreed, that William A. P. Wilson, the defendant in the bill filed in this case, has been unfaithful in the discharge of his duties, under the said letter of attorney ; that he has mismanaged and wasted the estate committed to his said trust, and applied the trust moneys to his own use ; and further, that he pay all the costs of this proceeding, including the master's fee of two hundred and fifty dollars.

—On December 9, 1889, on the petition of the plaintiffs in the bill, a rule upon the defendant was granted, to show cause why he should not pay the costs, etc. To this rule, the defendant, on December 19th, made answer as follows :

" That he has no money wherewith to pay the said costs, etc., and has no means of getting any from any source known to him ; that he is utterly unable to pay them at this time ; that he owns an individual one third interest with the plaintiffs in some real estate in Blair county, but that, at the instance and through the plaintiffs, it is encumbered to such an extent at this time, that it is utterly impossible for him to negotiate a loan on it, or to raise money thereon, or sell it ; that it has for years been unproductive and brought him in no income or rev-

Opinion of Court below.

enue; that he has endeavored to sell and dispose of his interest in the timber on the same, but has been unable to do so, on account of his co-tenants.

"He further answers and says: That he was only a tenant in common with the plaintiffs, A. Porter Wilson and Annie D. Wilson, in the lands embraced in the mortage given to the trustees of Sarah Van Sykel, and that, by a contract with the plaintiffs aforesaid, he was simply to manage and control the real estate owned by them, the said plaintiffs and defendant, as tenants in common, for the interest of the said trustees of Sarah Van Sykel, in liquidating a certain mortgage which they, the said plaintiffs and the defendant, had placed upon their real estate, held by them as tenants in common as aforesaid; that it was not contemplated, nor was the power of attorney which was given by the plaintiffs to the defendant as aforesaid, given in any way to the defendant as their trustee, but, on the other hand, it was simply a contract between A. Porter Wilson and Annie D. Wilson and your respondent, W. A. P. Wilson, for the purpose of protecting the interests of the trustees of the said Sarah Van Sykel in the mortgage given them, as aforesaid, which power of attorney was given at the instance and request of the said trustees of said Sarah Van Sykel, for their benefit and protection, and not that of the said plaintiffs.

"Your respondent further says: That as between the plaintiffs and himself, it is simply a case between tenants in common, an agreement that the defendant should settle the business existing between the estate and the mortgagees, trustees of Sarah Van Sykel; that it was a contract between the parties for this purpose. Your respondent, therefore, prays and claims exemption from arrest under the first section of the act of July 12, 1842, and that the trustees of Sarah Van Sykel are not parties in this case before the court, and are not here complaining."

Said rule having been argued, the court, FURST, P. J., on March 20, 1890, filed the following opinion and decree:

The bill in equity, filed in this case, prayed the revocation of a letter of attorney executed by complainants in favor of respondent and appointing him their attorney-in-fact, to manage the joint estate and apply the proceeds to the payment of the

Opinion of Court below.

interest on a certain mortgage for twenty thousand dollars which the parties jointly owed; then to taxes, etc. The reasons alleged were the mismanagement of the estate and the misappropriation of the trust moneys, and other facts showing bad faith on the part of respondent as attorney in fact.

Pending the proceedings before the master, the mortgage was foreclosed by reason of the default of respondent in not appropriating the trust money in his hands to the payment of the interest, and the property was sold on levari facias upon the judgment. This, ipso facto, dissolved the trust relation, and also revoked the letter of attorney.

The master finds many of the allegations of the bill to be true, and that owing to the misconduct on the part of the respondent, in the failure of his duty, and the wrongful appropriation of the trust money, he should pay the costs, etc. A decree was so reported by the master. To this report exceptions were filed, and the report of the master confirmed, and a decree made thereon by the court on October 14, 1889. In this decree, for reasons therein given, respondent was ordered to pay the costs in this proceeding. He has refused to obey the decree of the court, and still refuses. His answer to the order of the court is evasive, and does not show any willingness on his part to comply therewith.

Under the authority of Church's App., 103 Pa. 263, and other kindred cases, the proper remedy to force obedience to the decree of the court is by attachment. This case is infinitely stronger than Church's Appeal. Here the case is not based upon contract, but upon misconduct and wrong, and the wrongful conversion to respondent's own use of trust moneys arising out of a proceeding to revoke the trust. We therefore make the following decree:

And now, to wit: March 20, 1890, it is ordered and adjudged and decreed, that said W. A. P. Wilson is in contempt of court in not obeying the decree of the court made October 14, 1889, directing him to pay the costs in the above-stated case; and it is further ordered and decreed that an attachment issue for the arrest of said W. A. P. Wilson, to answer for said contempt, etc.[1]

—Thereupon, the defendant took this appeal, specifying that the court erred in making the foregoing decree.[1]

*Mr. M. M. McNeil,* for the appellant.

Counsel cited: McElroy's Case, 1 Bro. 52; Scott v. Jailer, 1 Gr. 238; 1 Rhone, O. C. Pr., 76; Pierce's App., 103 Pa. 30; Chew's App., 44 Pa. 251; Church's App., 103 Pa. 265.

*Mr. D. Caldwell,* for the appellees.

Counsel cited: Hill on Trustees, 276, *558; Le Fort v. Delafield, 3 Edw. Ch. 32; Christy v. Sill, 95 Pa. 380; Chew's App., 44 Pa. 247; Tome's App., 50 Pa. 285; Church's App., 103 Pa. 263; Commonwealth v. Perkins 124 Pa. 48; Dow v. Emerson, 11 W. N. 267.

PER CURIAM:

The court below decreed that the appellant was in contempt in not obeying the order made October 14, 1889, directing him to pay the costs, and awarded an attachment against him. This appeal was from the order for the attachment; no other error is assigned.

It may be conceded that an order for the payment of money, without more, would not subject the party against whom such order is made to the process of attachment. But the decree of the court below shows upon its face that this is not such case. It finds that the appellant " has been unfaithful in the discharge of his duties, under the said letter of attorney; that he has mismanaged and wasted the estate committed to his said trust, and applied the trust moneys to his own use." From this finding and decree of the court no appeal has been taken. It stands unreversed and in full force, and is conclusive of the facts there stated. It shows that the appellant has been guilty of a breach of trust and of actual fraud. Such cases are excepted out of the operation of the act of 1842, and an attachment may issue for costs: Chew's App., 44 Pa. 247; Tome's App., 50 Pa. 285; Church's App., 103 Pa. 263.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.