## Estate of John S. Hoffman. Appeal of George D. Hoffman.

*Costs of audit—Payment enforceable by an attachment.*

An attachment is properly issuable to enforce the collection of the costs of an audit judicially imposed upon an accountant by the orphans' court, such imposition having been affirmed by the Supreme Court.

Argued Feb. 16, 1899. Appeal, No. 12, Feb. T., 1899, by George D. Hoffman, from decree of O. C. Lycoming Co., Dec. T., 1888, No. 21, directing attachment to be issued against George D. Hoffman, administrator, unless he should in ten days pay the amount of costs of audit. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Motion for attachment. Before METZGER, P. J.

It appears from the record that an attachment was issued by the orphans' court against George D. Hoffman, the appellant, who is administrator of the estate of John S. Hoffman, deceased, for contempt of court in failing to pay the costs, amounting to $419.18 of an audit in said estate. It appears also from the record, that at the audit of the estate, the accountant was surcharged with two thirds of the cost of the audit by the auditor, which finding was confirmed by the orphans' court and the order of the orphans' court was affirmed on appeal to the Supreme Court in Hoffman's Appeal, 185 Pa. 315. Thereupon on April 11, a motion for attachment was filed and upon answer filed the court on June 13, 1898, made the rule for an attachment absolute and ordered and decreed that an attachment duly issue against George D. Hoffman, administrator, unless he should in ten days pay the said costs amounting to $419.18. George D. Hoffman appealed.

*Errors assigned* were (1) in making the decree of June 13, 1898.   (2) In issuing attachment against appellant.

*T. M. B. Hicks*, with him *W. H. Spencer*, for appellant.—Attachment for costs issues only where there is a judgment or decree founded upon breach of trust or actual fraud, in which case the costs follow the judgment: Chew's Appeal, 44 Pa. 247; Pierce's Appeal, 103 Pa. 27; Church's Appeal, 103 Pa. 263; Wilson v. Wilson, 142 Pa. 247; Scott's Case, 1 Grant, 237; Duff v. McDonough, 2 Pa. Superior Ct. 373.

In ascertaining the grounds of the suit and decree, the court will look at the whole record: Duff v. McDonough, 2 Pa. Superior Ct. 373; Miller's Estate, 136 Pa. 349.

The appellant contends that the decree against him in this case was not founded upon breach of trust or actual fraud, that it was not for the payment of money which came to his hands in his office of administrator, or in any trust capacity, and that the grounds of it were wholly contractual.

The auditor says in his report: "The auditor finds that the estate proper was managed in a careful and prudent manner by the administrator. The amount of the inventory filed is only $1,308.09. The administrator now accounts for $5,877.17. . . . As stated before, the accountant managed the estate proper well. Little or no fault is found with that portion of his account."

The decedent had a farm which descended to his heirs, and which the appellant managed as their agent, by virtue of a verbal agreement with them, the exact terms of which do not clearly appear. The auditor reported that he was "of the opinion that the administrator is liable to account in this proceeding for his stewardship of said farm," and proceeded to state an account thereof, charging and crediting the administrator with numerous items received and disbursed therein. The administrator objected *in limine*, as shown by the objections of his counsel and his own when called as a witness, at the first hearing before the auditor, to the farm account being settled in this forum; but on the ground that he had in the account filed claimed some credits relating to the farm matters, the auditor and court below and appellate court (185 Pa. 315) decided in favor of the jurisdiction.

Could Mrs. Hoffman have gotten an attachment to enforce the payment of the two items, which constitute the decree against the appellant? Clearly not. How can the costs rise any higher.

*W. D. Crocker*, for appellee.—The auditor, the court below, and the Supreme Court have found as matter of fact, in the original appeal (Hoffman's Estate, 185 Pa. 315), that the appellant, by reason of his conduct of the trust committed to his charge, was liable for the costs of the audit imposed upon him.

An appellate court will not reverse the findings of the auditor or of the court below except upon clear proof of error in such findings; and where, as here, the finding of the court below is based upon a record approved by the Supreme Court, the presentation of an ex parte trial balance, composed of only a few of the items involved, will hardly suffice to induce this court to revise the former decision of the Supreme Court.

The foregoing facts clearly bring the present case within the principle laid down in Chew's Appeal, 44 Pa. 247, Church's Appeal, 103 Pa. 263, Wilson v. Wilson, 142 Pa. 247, and Duff v. McDonough, 2 Pa. Superior Ct. 373.

The decree of the Supreme Court having settled that he is liable to account to them as trustee not only for the assets of the estate proper, but also for the administration of the farm, the costs imposed upon him by the decree of the Supreme Court stand upon the same footing as the decree establishing the trust, notwithstanding the fact that one branch of the trust may have arisen ex contractu: Church's Appeal, 103 Pa. 263 Wilson v. Wilson, 142 Pa. 247.

OPINION BY WILLIAM W. PORTER, March 23, 1899:

This is an appeal from the order of the orphans' court, directing an attachment to issue against an administrator for the costs imposed by the court on the audit of his account.

On the filing of the account, an auditor was appointed, who found that " two thirds of the costs of this audit should be paid by the accountant, and he is accordingly charged with two-thirds thereof." An exception to this finding was dismissed by the orphans' court. The case then went to the Supreme

Court, where this action of the court below was made the subject of two of the many assignments of error. The Supreme Court (Hoffman's Estate, 185 Pa. 315) affirmed the decree of the court below and dismissed the appeal at the appellant's costs. The only question for consideration here is whether an attachment is properly issuable to enforce the collection of the costs thus judicially imposed.

In the account filed, the administrator incorporated some items relating to his management of the real estate of the decedent, whereupon he was required by the auditor to account as administrator for all items of charge and discharge in respect to such management. This the court below approved, and the Supreme Court affirmed. With the accountant's management of the personal estate, the auditor found little fault, but held that "the business connected with the farm, he has managed in a careless and negligent manner; to the heirs he has conducted himself hostile, refusing to render proper statements and neglecting to file any account for seven years. His account as filed, at least that portion relating to the farm, is deficient and one-sided, and adverse to the other heirs. A great deal of the testimony taken and time consumed before the auditor, as also a large portion of his labors in stating this account, was made necessary by reason of these acts and omissions of the accountant."

The auditor further found, as a fact, that the accountant had "neglected and refused to account for the rents, issues and profits· of the farm, and had appropriated a great part thereof to his own use." The orphans' court, while allowing an increase of the amount of the accountant's compensation, yet affirmed the findings of the auditor and his imposition of costs. This action was affirmed by the Supreme Court.

The account of the administrator brought into the orphans court his management of the realty. This was a submission of the matters involved, to that forum. It was acceded to by the other parties in interest. It, in large measure, constituted the controversy decided by the orphans' court. The consideration and decision of the matters there involved were approved by the Supreme Court upon the facts of the case.

The appellant here, therefore, was, as to all of the funds he was accounting for, acting in the capacity of a trustee. The

decree was made against him as an administrator, who had been unfaithful in the discharge of his duty and who had in part applied the trust funds to his own use. The doctrine of Wilson v. Wilson, 142 Pa. 247, and Chew's Appeal, 44 Pa. 247, has, therefore, direct application. The decree was for the payment of money, but was based in part on surcharges, and was in fact the enforcement of a duty to be performed by a trustee in respect to trust funds: Church's Appeal, 103 Pa. 263. It was based on maladministration, and the decree for costs takes its character from the decree on the merits: Pierce's Appeal, 103 Pa. 27; Duff v. McDonough, 2 Pa. Superior Ct. 373.

We are of opinion that the attachment was properly directed to issue, and the order of the court below is therefore affirmed.