## Patton's Estate.

*Executors and administrators—Confirmation of auditor's report—Appeals.*

Where the report of an auditor on an administrator's account is confirmed absolutely and thereafter the court refuses to permit the administrator to file exceptions nunc pro tunc, such refusal is a final adjudication which will be conclusive upon the administrator, if he takes no appeal within the statutory period.

*Executors and administrators—Finding of balance in hands of administrator—Order to pay costs.*

Where on final adjudication of an account of an administrator, a balance is found to be in his hands which is the property of the estate, and the court orders the accountant to pay a balance of costs remaining after all of the estate has been exhausted, the order of the court as to the payment of costs does not change the character in which the administrator holds the fund. The payment of the balance of costs may be enforced by process of attachment against the administrator's person; but such process, being in the nature of civil execution can only be issued upon the motion of some party who has an interest in the decree upon which the process is founded.

*Executors and administrators—Order to pay costs—Petition for attachment.*

Where upon final adjudication of an administrator's account an order is made directing the accountant to pay a balance of costs and it appears that nothing further remains for distribution, a creditor of the estate is not entitled to an attachment against the administrator where the record does not show that the creditor was entitled to receive, or had paid, or was liable to pay for any of the costs which the decree ordered the administrator to pay, and where the record does not show that the auditor had been appointed upon the motion of the creditor.

Argued Nov. 21, 1901. Appeal, No. 129, Oct. T., 1901, by Thomas W. Patton, Administrator, from decree of O. C. Bucks County, awarding writ of attachment in the Estate of Cornelius J. Patton, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for leave to file exceptions nunc pro tunc to auditor's report.

Petition for an attachment against administrator.

From the record it appeared that the account of Thomas W.

Patton, administrator of Cornelius J. Patton, had been referred to Henry Lear, Esq., as auditor, who surcharged the accountant with $75.00, being half of a sum paid to an undertaker. The auditor after appropriating the amount of the surcharge towards the payment of costs and expenses found a balance of costs still remaining unpaid of $24.94. He accordingly directed the administrator to pay this sum. The auditor's report was confirmed absolutely. Subsequently the accountant presented a petition for leave to file exceptions nunc pro tunc. This petition was refused by the court. Thereafter the Utica Burial Case Company, a creditor of the decedent, presented a petition for an attachment. The record did not show that the petitioner had applied for the appointment of the auditor, or that it had any right to demand payment to it of the balance of costs which the administrator had been ordered to pay. The court granted the attachment.

*Errors assigned* were (1, 2) confirmation of auditor's report and refusal to permit exceptions to be filed nunc pro tunc. (10) Decree awarding attachment.

*John G. Johnson* and *William C. Mayne*, with him *Thomas G. Leslie*, for appellant, cited on the question of the writ of attachment: Frey's Est., 4 W. N. C. 415; In re Garis, 185 Pa. 497; McCourt's App., 11 W. N. C. 161; Shadewald's Est., 6 W. N. C. 96; Bradley v. West Chester St. Ry. Co., 160 Pa. 75.

*J. C. Stuckert*, with him *William Stuckert*, for appellee.

Opinion by W. D. Porter, J., March 14, 1902:

The report of the auditor finding a balance due from the appellant to the estate of which he was administrator, was, on August 3, 1900, confirmed absolutely, and on November 19, of the same year, the court refused leave to the appellant to file exceptions nunc pro tunc. This was certainly a final adjudication upon the account of the administrator, and no appeal having been taken therefrom within the statutory period we cannot consider the assignments of error which relate to the proceedings before the auditor and the ascertainment of the amount due from the appellant to the estate of which he was administrator. This disposes of the first five assignments of error.

The report of the auditor surcharged the accountant in the sum of $75.00, and found that there was in his hands that amount of money belonging to the estate. The balance so found to be the property of the estate was appropriated upon account of costs, and the balance of the costs, amounting to $24.94, was ordered to be paid by the accountant. This finding conclusively establishes that the appellant has in his hands $75.00, the property of the estate, the character in which he holds that fund is not changed because the court directed that it should be appropriated to the payment of costs, he holds that fund as the administrator of the estate. The balance of the costs imposed upon the accountant partakes of the nature of the transaction out of which the litigation arose and can be collected in the same way that performance of the rest of the decree can be enforced: Duff v. McDonough, 2 Pa. Superior Ct. 373. The orphans' court has power to enforce such a decree for the payment of money by an administrator, by process of attachment against his person: Chew's Appeal, 44 Pa. 247; Tome's Appeal, 50 Pa. 285; Church's Appeal, 103 Pa. 263; McCarrell v. Mullins, 141 Pa. 513; Wilson v. Wilson, 142 Pa. 247; Hoffman's Appeal, 10 Pa. Superior Ct. 113.

Arrest " under proceedings, as for contempt, to enforce civil remedies," is excepted from the operation of the act of 1842. The nature of this exception is shown in Chew's Appeal, supra, where it was decided that a court of equity may issue an attachment against a trustee, as for contempt, who refuses to pay money in obedience to a decree founded upon the trust estate in his hands. The writ is in the form of a criminal process for a contempt of the authority of the court, there must therefore be an order of the court to pay, a service upon the defendant and a failure upon his part to obey. In this case the court below, after a full hearing, entered a formal decree ordering the appellant to pay and designating the several parties to whom he should pay, a copy of which decree was, on April 18, 1901, served upon him. A failure upon the part of the appellant to comply with this decree, after notice, would render him liable to attachment. The parties who, under the decree, were entitled to receive the money might apply to the court for the use of this extraordinary remedy. The contempt being consequen-

tial, the party would be entitled to his discharge upon compliance with the decree. " Indeed, the attachment for most of this species of contempts, and especially for nonpayment of costs and nonperformance of awards, is looked upon rather as a civil execution for the benefit of the injured party, though carried on in the shape of a criminal process for a contempt of the authority of the court. And therefore it hath been held that such contempts, and the process thereon, being properly the civil remedy of individuals for private injury, are not released or affected by the general act of pardon: " 4 Blackstone's Comm. 285; In re Garis, a Lunatic, 185 Pa. 497. The attachment in this case was, therefore, a civil execution, and could only be issued upon the motion of some party who had an interest in the decree upon which the process was founded. The Utica Burial Case Company, the appellee, on May 13, 1901, presented to the learned judge of the court below a petition, praying that an attachment might be awarded against the appellant for nonperformance of the decree, and upon that petition this process was issued. The petition thus presented does not show in what manner the petitioner was interested in the performance of the decree. The petitioner was not entitled to receive any money under the provisions of the decree. The record does not show that the appellee was entitled to receive, or had paid or was liable for any of the costs which the decree ordered the appellant to pay. Had the record disclosed that the auditor was appointed upon the motion of the appellee there might have been ground for holding that the latter had an interest in the enforcement of the order: Appeal of St. Joseph's Orphan Asylum, 38 Pa. 535; Janes's Appeal, 87 Pa. 428; Bradley v. West Chester St. Railway Company, 160 Pa. 72. The record here presented shows nothing of this kind. The appellee was a creditor of the estate of the decedent, but the account upon which the court below passed was a final one, nothing further remains for distribution, and the appellee can receive nothing from this estate. So far as is disclosed by this record the petition of the appellee was an impertinent interference in a proceeding in which the petitioner could have no possible interest. We are of opinion that the appellee had no standing to move for the attachment.

545, (1902).]                    Opinion of the Court.

It is accordingly ordered that the petition of the Utica Burial Case Company, filed May 13, 1901, praying that an attachment might be awarded against the appellant, be dismissed, and that all proceedings thereunder be reversed and set aside at the costs of said Utica Burial Case Company.