# Burwell's Estate.

*Decedent's estate—Assets—Promissory notes—Presumption of payment.*

It is the duty of an administrator to include in the inventory of the assets of an estate, a note given by him to the decedent, although more than twenty years had elapsed when the exceptions to the account were filed.

The accountant was not in a position to invoke the rule of law that at the expiration of twenty·years after a debt becomes due a presumption of payment arises.

The presumption of payment from lapse of time is merely a rule of evidence affecting the burden of proof. The true rule is that the presumption does not arise when there are circumstances that sufficiently account for the delay of the creditor in prosecuting his claim. The failure of the accountant to institute proceedings on the note is sufficiently accounted for by the fact that he was the debtor.

The time which elapsed after letters of administration were granted to accountant cannot be added to the time during which the decedent failed to prosecute her claim on the note in order to establish the twenty year period required to raise a presumption of payment. Any such doctrine would be shocking to our sense of justice.

Argued April 20, 1927. Appeals Nos. 92 and 93, April T., 1927, by Harry H. Burwell, Administrator and Harry H. Burwell, from decree of O. C. Fayette County, June T., 1927, No. 35, in the estate of Amy L. Burwell, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Exception to adjudication, before DAWSON, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the charge. Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*H. A. Cottom,* for appellant.

*Dean D. Sturgis,* of *Sturgis and Sturgis,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1927:

Harry H. Burwell is the administrator of the estate of his mother, Amy L. Burwell, deceased. Certain exceptions filed in the court below to his first and final account were sustained, resulting in his being surcharged with a balance due on a judgment note under seal for $1,750 given by him to his mother October 3, 1903, payable one year after date, together with the interest found to be due on the unpaid balance of the note. These two appeals by Burwell as administrator, and as an heir distributee, are taken from the decree of distribution of the balance found by the court below to be due the estate according to the account as corrected and confirmed. They were argued together and may properly be disposed of in one opinion.

The principal complaint of appellant is that there was error in surcharging him with any part of the principal of the note, with interest thereon, because a presumption that the note was paid had arisen, and because the exceptants failed to overcome this presumption. Appellant's mother died October 6, 1920. Letters of administration were granted to him June 23, 1924, when there had not been a lapse of twenty years after the note fell due, and the presumption of payment thereof had not arisen. It was the duty of the accountant to include the note in his inventory of the assets of the estate unless it had been in fact paid. Although, at the date of the hearing on exceptions in the court below more than twenty years had elapsed since the due date of the note, the accountant was not in a position to invoke the rule of law that at the expiration of twenty years after a debt becomes due a

presumption of payment arises. The presumption of payment from lapse of time is merely a rule of evidence affecting the burden of proof: Ash's Estate, 202 Pa. 422. The true rule is that the presumption does not arise when there are circumstances that sufficiently account for the delay of the creditor in prosecuting his claim: O'Hara v. Corr, 210 Pa. 341. The failure of the accountant to institute proceedings on the note is sufficiently accounted for by the fact that he was the debtor. It has been held in some jurisdictions that, where a debtor to an intestate qualifies as executor or obtains a grant of administration, the law presumes that he has performed his duty and collected the debt. (Miller v. Irby's Adm'r., 63 Ala. 477; 30 Cyc. 1269.) But, aside from any such presumption, the time which elapsed after letters of administration were granted to accountant cannot be added to the time during which the decedent failed to prosecute her claim on the note in order to establish the twenty year period required to raise a presumption of payment. Any such doctrine would be shocking to our sense of justice. We hold that in the circumstances no presumption of payment of the note arose and that, therefore, the burden was on the accountant to prove payment.

The accountant was made a competent witness as to matters occurring in the life-time of decedent. He testified that the note was not included as a part of the assets of the estate, for the reason that it had been paid by him to his mother during her life-time. But he was unable to establish payments on account thereof in excess of $1,160.05. The court below allowed him credit for the payment of $1,160.05, with interest on all of the items thereof, except one of $426. The reason stated for disallowing interest on this item was that the accountant's conduct in respect to the note was responsible for extra expenses for audits in the estate and delay in the settlement of the estate. After care-

ful examination of the record a majority of the judges are of opinion that accountant was entitled to a credit for interest on the $426 item and that the disallowance thereof on such ground was wrong. The court below found, and appellant agrees, that the interest on this item amounts to $506.33.

The only other complaint requiring consideration is that the court below made an error in the calculation of interest on the note from October 3, 1904, to June 24, 1924, the date of the audit. No complaint is made concerning the method adopted in calculating the interest on the note or the payments made on account thereof. Our calculation of the interest on the note for the period stated agrees with that of counsel for appellant, and we find that there was an overcharge of $100.49, for which appellant is entitled to credit. We find no merit in any of the other contentions raised. From the balance in the account as corrected and confirmed there should be deducted the sum of the two items for which we find appellant is entitled to credit, $606.82, leaving a balance of $9,988.02 for distribution.

The fourth, fifth, sixth, seventh and eighth assignments are sustained, the others are not sustained, the decree is reversed and the record remitted to the court below, with direction to enter a decree of distribution of the balance of $9,988.02 after the deduction of the costs of this appeal which are placed upon the estate.