Estate of Jacob M. Weaver, Deceased.

Argued March 15, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

Sidney E. Friedman, for appellant.

J. Donald Swope, for appellee.

OPINION BY CUNNINGHAM, J., October 3, 1934:

This appeal challenges the power of the court below to commit an executor for contempt of its order upon him to pay to the appellees their respective distributive shares of the estate.

The material facts out of which the questions of law here involved arose are not in controversy. Frank S. Weaver, the appellant, was appointed executor of the will of his father, Jacob M. Weaver, and accepted the trust. The appellees, William B. Weaver and Anna M. Neely, brother and sister of appellant, are legatees. Exceptions were filed by them to appellant's account, alleging, inter alia, that he had failed to inventory, and account for, certain sums of money due from him to the testator. The matter was so proceeded in before an auditor and in the orphans' court that on April 15, 1933, an adjudication and decree of distribution was entered, in which appellant was surcharged with an item of $1,863, and interest thereon, being money borrowed from his father by appellant to repair the home of the latter, and an item of $860, with interest, as the value of certain shares of bank stock legally belonging to the testator and applied to his own use by appellant. To each appellee was distributed the sum of $941.62,—a one-fourth share of the residuary estate. No appeal having been taken from this decree, the legality of the surcharges and the correctness of the distribution are res judicata.

When appellant failed, by September, 1933, to make payment to the appellees in accordance with the decree, the court below, at their instance, directed him "to pay to the persons entitled thereto the sums......set forth in the schedule," and ordered further, that an attachment issue against appellant "unless in thirty days" he complied with the order. Upon his failure to pay, the attachment was issued on October 30th.

Appellant moved, on November 25th, to quash the attachment. It was set forth in the motion that he had paid each appellee $150 on account; that he had no funds with which to pay the surcharges; that he was "exempt from arrest on attachment" by reason of the provisions of the Act of July 12, 1842, P. L. 339, abolishing imprisonment for certain classes of debts; and that his debts to the estate fall within one of the classes to which the act applies.

In connection with the averment that he was without funds, it is important to note that it appears from the "Statement of Facts," agreed to by the parties, that appellant, during the period of his executorship, received, in payment of a debt due him individually and from the sale of certain real estate, $5,000 in cash, which he applied to his own personal use.

The learned president judge of the court below denied the motion "in view of the broad power given the orphans' court" by the Act of June 7, 1917, P. L. 363, 375, "to attach the person of the respondent in the enforcement of its decrees." The present appeal is from this refusal to quash the attachment and a supersedeas was granted by the court below, under which appellant was released from custody pending its disposition.

Appellant's principal contention is that his debts to his father were "due upon......contracts," and as the Act of July 12, 1842, supra, abolished imprisonment for debts of such character, he is not subject to arrest or imprisonment for failing to pay them.

It would probably be more accurate to say that appellant's argument is that the decree upon which the attachment issued is one for the payment of money arising from a contract and that obedience to such a decree may not be compelled by attaching his person.

For present purposes, it may be granted that the exception in the act of "proceedings as for contempt,"

from its prohibition against arrest and imprisonment, does not include constructive contempts arising from the nonpayment of money due on a contract, after the amount has been ascertained by a decree in equity. See Com. ex rel., v. Heston, 292 Pa. 63, 140 A. 533 and cases there cited.

But that is not this case. Appellant was not attached for failing to pay his individual debt to his father's estate, but for his disobedience, as executor, of the decree of the orphans' court directing him to make distribution. Appellant's argument overlooks the double position which he voluntarily assumed and now occupies. In his dual capacity he is both debtor and creditor with respect to the same obligation, and it is a familiar principle that when the hand which is to pay is the hand also to receive, that is payment in law: Grayble v. York & Gettysburg Turnpike Co., 10 S. & R. 269, 272; Linsenbigler v. Gourley, 56 Pa. 166, 171. An executor cannot sue himself in his individual capacity, and therefore, as executor, he is chargeable with all moneys that he owes himself in the latter capacity. Hence appellant's acceptance of the appointment as his creditor's executor operated as payment of the debt into his own hands, and it was thereafter his duty as executor to inventory this debt and account for it as assets of the estate: Griffith v. Chew, 8 S. & R. 17; Eichelberger v. Morris, 6 Watts 42; Linsenbigler v. Gourley, supra; Bowman's Appeal, 62 Pa. 166; Burwell's Estate, 91 Pa. Superior Ct. 183.

Section 6 of the Act of February 24, 1834, P. L. 70, 74, (re-enacted as Section 11 (d) of the Fiduciaries Act of June 7, 1917, P. L. 447, 470,) put this rule of law into statutory form. It provides: "The appointment of any person to be an executor shall in no case be deemed a release or extinguishment of any debt or demand which the testator may have had against him;

but such debt shall be included in the inventory, and be subject to distribution like other personal estate."

Appellant, as executor, is deemed in law to have been paid the moneys with which he was surcharged; his obligation to account for, and pay over, these amounts, in accordance with the decree of distribution, is not founded upon his contract with any person, but grows out of a duty which the law imposes upon him. It is a clearly established exception to the statute upon which he relies that a fiduciary who fails, when directed, to pay over the funds of which he is a trustee, is subject to attachment for contempt: Tome's Appeal, 50 Pa. 285; Chew's Appeal, 44 Pa. 247; Wilson v. Wilson, 142 Pa. 247, 21 A. 807; Messmore's Estate, 293 Pa. 63, 141 A. 724. We are therefore of opinion that, under the circumstances of this case, the Act of 1842 furnishes no protection to this appellant from the attachment here involved.

In the next place, appellant contends that the amount of his indebtedness was only constructively cash in his hands for accounting and distribution; that, in fact, he was totally unable to pay his debts to the estate and therefore should not be adjudged in contempt.

If appellant had included his debts to the testator in the inventory and claimed credit for them in his account as uncollectible, and, in support of such contention, had shown that he was insolvent when he accepted his appointment as executor and had not come into possession, at any time during his executorship, of private funds or property sufficient to pay any part of his indebtedness to the estate, there would have been some merit in this contention: Piper's Estate, 15 Pa. 533; Garber v. Com. 7 Pa. 265; Estate of Daniel Howell, 66 Neb. 575, 61 L. R. A. 313, and cases cited in note.

If, however, at any time during the term of his exe-

cutorship he had in his hands assets belonging to himself sufficient to pay the debts or any part of them, he must, under all the authorities, be held accountable, for having undertaken, as a trust, to administer faithfully his creditor's estate, he is bound to use vigilance and diligence in collecting every claim of the estate against any other person, and cannot be absolved from that duty when he is himself the debtor. "A debtor is not to be allowed to get an advantage by administering on the estate of a decedent, to excuse himself from accounting fully and satisfactorily for all the means he had in his power of discharging his own indebtedness to that estate": Piper's Estate, supra.

As above stated, the record discloses that during the period of his executorship appellant personally received from various sources sums largely in excess of his indebtedness to the estate; instead of placing the requisite amount in the funds of the estate, he used all of this money for his own individual purposes. Under such circumstances, he cannot escape the consequences of a judgment of contempt by his present plea of poverty; having committed a breach of trust, inability to pay is no excuse: Messmore's Estate, supra. It follows that the assignment of error must be dismissed.

The orders and decrees of October 30, and November 25, 1933, are affirmed at the costs of appellant and it is ordered that he forthwith surrender himself into the custody of the court below.