# J. D. Jack, Trustee under the last will and testament of Jordan S. Neal, deceased, *v.* Robert E. Twyford, Appellant, and the Iron City Land Company.

*Practice, Superior Court—Rule of court.*

An appeal will be quashed on motion, when appellant fails to file specifications of error as prescribed by Rule 14.

*Habeas corpus—Attachment for contempt—Jurisdiction, C. P.*

In habeas corpus proceedings the appellate court can only inquire into the jurisdiction of the court below to make the order committing the defendant. A court has jurisdiction to commit for contempt in refusing to obey a decree commanding the performance of a specific act within the province of the court to adjudge.

Argued April 10, 1899. Appeal, No. 27, April T., 1899, by R. E. Twyford, defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1897, No. 39, committing defendant for contempt. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter, W. D. Porter and Beeber, JJ. Appeal quashed. Opinion by W. D. Porter, J.

Habeas corpus. Attachment proceedings for contempt. Before WHITE, P. J.

It appears from the record that this case originally came up on appeal from the decree of the court after hearing on bill, answer and proofs. This appeal on motion was quashed as appears by the report of this phase of the case of Jack v. Twyford, 8 Pa. Superior Ct. 231, whereupon an attachment was issued for contempt of court in not complying with the terms of the decree in equity. The court thereupon entered the following order: "And now, June 2, 1898, the defendant being brought into court on attachment for contempt in not obeying the order of court of November 9, 1897, and it appearing from his answer filed this day that he has not obeyed said order and does not give any sufficient reason for not doing so, or manifests any intention to obey the said order of court, and his answer being wholly insufficient to purge himself of said contempt, it is now ordered that he be committed to the jail of the county until he purges himself of said contempt or until the further order of this court." Appellant also filed a petition for a writ of habeas corpus, directed to the warden of the Allegheny county jail, returnable July 26, 1898, to the Superior Court of Pennsylvania sitting at Philadelphia, on the refusal of the court of common pleas, No. 2, of Allegheny county to recognize as a supersedeas the appeal of Robert E. Twyford from the decree of said court at No. 39, July term, 1897, in the case of J. D. Jack, Trustee, v. Robert E. Twyford. Appeal was heard at No. 27, April term, 1898.

*David S. McCann*, with him *James D. Jack*, for respondent in the habeas corpus proceedings, and appellee on the appeal moving to quash the appeal.—The appeal in this case is from an order committing for contempt in refusing to obey the decree of November 9, 1897. From that decree an appeal was taken at No. 137, April term, 1898, of this court. When that appeal was quashed the decree of November 9, 1897, became a matter res adjudicata and the decree itself could no longer be appealed from. This appeal therefore should be quashed and the only question in the case is, had the court below power to commit Robert E. Twyford, the appellant, for refusal to obey its decree of November 9, 1897.

If the court had power to make the order, we have no doubt it possessed the power to enforce it by attachment, and, if necessary, by imprisonment: Com. v. Perkins, 124 Pa. 36. See also Scott's Case, 1 Grant, 237, Wilson v. Wilson, 142 Pa. 247, and Church's Appeal, 103 Pa. 263.

In this case counsel for the petitioner have clearly misapprehended the question involved. It is not denied that in an equity case an appeal can be taken from an order committing a defendant to prison for contempt of court in refusing to obey the order of the court. The only question in this case is, however, will an appeal from an order of court committing a defendant for contempt of court for refusal to obey a decree which is res adjudicata, operate as a supersedeas, if "the court making the order had jurisdiction of the parties and the subject-matter, and the order in question was lawfully made."

At common law every court of competent jurisdiction was the exclusive judge of contempts committed in its presence or against its process, and the exercise of its power to punish therefor could not be raised on error nor assailed collaterally by a resort to the writ of habeas corpus: 7 Am. & Eng. Ency. of Law, 34.

In Pennsylvania, however, the Supreme Court has frequently entertained appeals from orders of the court below, committing for contempt: Wilson v. Wilson, 142 Pa. 247; Church's Appeal, 103 Pa. 265; Duff v. McDonough, 2 Pa. Superior Ct. 373.

But it has never been decided in Pennsylvania that a defendant imprisoned for a contempt of court could be released upon a writ of habeas corpus, even pending the hearing of such an appeal. In fact, all the Pennsylvania cases decide that a defendant cannot be released from a commitment for contempt by a writ of habeas corpus, unless the record shows the court had no jurisdiction of the parties and the subject-matter, or that the order of commitment was unlawfully made: Williamson's Case, 26 Pa. 9; Doyle v. Com., 107 Pa. 20.

*W. L. Bird,* with him *K. T. Meade,* for appellant, as against the motion to quash.—It is well settled in a long line of cases, that "the record of a conviction for contempt is as distinct from the matter under investigation when it was committed as an indictment for perjury is from the cause in which the false oath

was taken," and that the matter here in controversy is entirely separate and distinct from the controversy in the case, out of which it arose.

No part of the record out of which this proceeding for conviction for contempt arises is essential or material in the case at bar, and this case is entirely separate and distinct from the case formerly before this court.

As appellant understands this case, the beginning of its record was the filing on the part of the appellee of the rule to show cause why attachment should not issue, and so far as the records in the lower court show, the order of June 2, 1898, committing Robert E. Twyford to the jail of the county until he purges himself of said contempt, or until further order of this court, is the end of it. The appellant has included in his paper-book, in the regular order, the entire, full and complete record of the court, out of which this case arises, as will appear by an examination thereof.

Appellant believes that in this conviction for contempt: first, that the court making the order had no jurisdiction over one of the parties, to wit: Mrs. Sarah Twyford; second, that it had no jurisdiction over the subject-matter, to wit: Mrs. Twyford's property, and third, that the order in question was unlawfully made, and if this is the case according to the authorities cited by the appellee, the appellant, Robert E. Twyford, must be relieved from commitment for contempt.

*W. L. Bird,* with him *K. T. Meade,* for appellant, in support of the appeal.—Attachments for contempt are enforced where the defendant is a trustee of goods or money, or has been guilty of fraud or embezzlement: Church's Appeal, 103 Pa. 263 ; Wilson v. Wilson, 142 Pa. 247.

But the relator in this case is in no sense a trustee, nor has he been guilty of fraud.

The case must rest entirely on executive powers to enforce a civil remedy to recover a sum of money on a contract. Such being the case, the defendant cannot be imprisoned for non-payment. This has been the law since 1842, and has been followed in a long line of cases: Pierce's Appeal, 103 Pa. 27 ; McCarrell v. Mullins, 141 Pa. 513.

The power of courts to punish for contempt without the in-

tervention of a jury has never been held to extend to decrees or orders made without authority or jurisdiction.

The plaintiff knew that Sarah Twyford was the owner of the lot on which this house stood before he made application for attachment. He mentions this fact in his petition for the rule, and yet without making her a party to the proceedings, he seeks to subject her property to this execution process.

The general rule requires all persons interested in, or to be affected by, any demand, to be parties to the suit: Gas Co. v. Douglas, 130 Pa. 283; Phila. v. Railroad Co., 133 Pa. 134.

*K. T. Meade*, with him *W. L. Bird*, for appellant, in the matter of the writ of habeas corpus.—The appellate courts have the power to review the proceedings in cases of contempt, and this supervising jurisdiction has had a wholesome effect in preventing the lower courts in overstepping their jurisdiction and preventing their summary power from giving effect to the will of the judge instead of the will of the law.

In the Supreme Court it has been the settled and uninterrupted practice in such cases to take out a writ of habeas corpus and a certiorari, as auxiliary to each other, the relator in the habeas corpus proceedings to be admitted to bail until a hearing could be had by the court in banc: Com. v. Perkins, 124 Pa. 36.

Since the creation of the Superior Court it seems to be the prevailing opinion that all such proceedings are reviewable in that court when the amount involved in the suit between the parties is within the jurisdiction of the court, and when it is a proceeding to enforce a civil remedy: Duff v. McDonough, 2 Pa. Superior Ct. 373.

For this reason this case is brought before this court, following as near as we can the practice established in this court and in the Supreme Court in like proceedings.

The decree in this case is in the alternative. It affects the rights of two persons, one of whom is not a party to the proceedings, and has never had a hearing in court. It directs: (1) that Robert E. Twyford and Sarah Twyford, his wife, execute and deliver to Jack a bond and mortgage on the land of Sarah Twyford (who is not a party to the bill) to secure a claim alleged to be due by Twyford to Jack, and (2) on the

failure by Robert E. Twyford and Sarah Twyford to execute
such a bond and mortgage, Twyford is directed to move a build-
ing from the land of Sarah Twyford to land on which Jack
holds a mortgage, to enable Jack to collect the money due on
that mortgage.

It is a settled rule that every order of court has an implied
proviso annexed to it that the order can be performed, and that
reasonable time shall be given to perform such an order.   And
it is equally well settled that when the respondent has done
all in his power to comply with an order of court, and failed,
the order is complied with.

OPINION BY W. D. PORTER, J., July 28, 1899:

We have in this case an appeal by the defendant from an
order of the court of common pleas committing him for con-
tempt, because of his refusal to obey a final decree of said
court in a proceeding in equity.   The appellant having been
in prison under the order, a writ of habeas corpus was issued,
ancillary to the certiorari, and the appellant duly admitted to
bail pending the appeal.

Appellant having failed to file specifications of error, a motion
to quash the appeal was made on behalf of the appellee, and we
are constrained to enforce Rule 14 and order that the appeal
be quashed.

This disposition of the certiorari leaves the order committing
the appellant unreversed.   In the habeas corpus proceeding we
can only inquire into the jurisdiction of the court below to make
the order committing the defendant.   That the court below had
jurisdiction of the parties and of the subject-matter there can
be no doubt.   The decree which the appellant refused to obey
was not for the payment of money, nor was it even remotely
connected with any contract, express or implied; it was a decree
commanding the performance of a specific act, and, as such, not
within the provisions of the Act of July 12, 1842, P. L. 339.
The defendant was adjudged to have wrongfully removed a
frame building from the property of plaintiff, and was by the
decree ordered to restore it to its former position.   Such a
decree it was within the jurisdiction of the court to enforce
by attachment: Lopeman v. Henderson, 4 Pa. 231; Chew's
Appeal, 44 Pa. 247; Tome's Appeal, 50 Pa. 285; Church's

Appeal, 103 Pa. 263; Commonwealth v. Perkins, 124 Pa. 36; Duff v. McDonough, 2 Pa. Superior Ct. 373. See also Pepper & Lewis's Digest of Decisions, 3825 and 3835.

The court had jurisdiction to make the order, which is in proper form, and the appellant must be remanded.

The appeal is quashed. And it is ordered that the appellant, Robert E. Twyford, be remanded to the custody of the warden of the jail of Allegheny county, there to abide the further order of the court below in said proceeding for contempt; and that the record be remitted to the court below that this order be carried into effect.