## Markusheva v. Nyagrich.

*Capias—Bail—Liability of surety—Surrender of principal—Exoneretur.*

Where in a *sci. fa. sur* recognizance, served on the surety upon a bail bond in an action begun by a *capias*, the court allowed a rule on plaintiff Jan. 31, 1922, to show cause why defendant should not be discharged from arrest under the Act of June 1, 1915, P. L. 704, returnable Feb. 10, 1922, and ordered defendant discharged upon entering security pending the hearing of the rule, the surety is entitled to have an *exoneretur* duly entered on his bail, notwithstanding the fact that the rule was subsequently discharged, if before the return-day of the rule the defendant was actually surrendered to the sheriff by his bondsman and remained in custody until discharged by subsequent proceedings under the insolvent laws.

Rule to show cause why an *exoneretur* should not be entered on the bail. C. P. No. 5, Phila. Co., Dec. T., 1919, No. 5220.

*G. V. P. Jones*, for plaintiff; *J. F. Masterson*, for defendant.

MARTIN, P. J., June 22, 1922.—A suit was instituted by Lela Markusheva and a writ of *capias* issued against George Nyagrich. Henry Beile and Samuel H. Schnell became sureties. Judgment was obtained against defendant, a *sci. fa. sur* recognizance issued and was served on the sureties. An affidavit of defence was filed by one of the sureties, Henry Beile, in which he averred that when the writ of *sci. fa.* was served upon him, he thereupon surrendered the defendant to the Prothonotary of the Court of Common Pleas of Philadelphia County on Jan. 31, 1922, and that defendant on the same day filed a petition for a rule to show cause why he should not be discharged from arrest under the terms of the Act of June 1, 1915, P. L. 704; that the rule was allowed, made returnable Feb. 10, 1922, and the court ordered the defendant discharged pending the hearing of the rule, upon entering security.

In the petition now under consideration, filed by Henry Beile for an *exoneretur*, it is alleged that the writ of *sci. fa. sur* recognizance issued on Jan. 21, 1922, and, when served, Nyagrich was surrendered to the sheriff on Feb. 8, 1922, two days after the return-day of the *sci. fa.;* he was delivered to the county jail and remained there from that day.

An answer was filed, alleging that on Feb. 10, 1922, the court struck off the proceedings for the discharge of the defendant on the ground that they were irregular, and defendant had never been in custody, and that it was not until after plaintiff's rule to strike off the proceedings was taken that the bondsmen secured a bail-piece on Feb. 8, 1922, and surrendered defendant into the custody of the sheriff.

On Jan. 31, 1922, the court allowed the rule returnable Feb. 10th to show cause why defendant should not be discharged from arrest, and ordered him discharged pending hearing of the rule, upon entering security for his appearance and surrender in compliance with the decree of the court.

Had defendant been arrested on a bail-piece prior to the allowance of the rule on Jan. 31st, the authority to detain him would have terminated by the order discharging him upon bail being entered; and while the rule was pending the bondsmen were not required to surrender him.

The order of Jan. 31, 1922, discharging defendant was revoked, but during the time it was in force defendant would have been entitled to a discharge from custody by a proceeding on *habeas corpus*.

"An actual discharge of the principal by a court of competent jurisdiction, whatever the ground of it, must necessarily exonerate the bail."

Bail will be discharged from his recognizance if performance of the condition of the bond has been interdicted by competent authority: Lopeman *v.* Henderson, 4 Pa. 231-232.

Before the return-day of the rule of Jan. 31, 1922, defendant was surrendered to the sheriff by his bondsmen, and remained in custody until discharged by proceedings under the insolvent laws.

Under the circumstances, there was a compliance with the terms of the bond. Rule absolute.