## Commonwealth v. Krouse

*Jack A. Rounick* of *Moss, Rounick & Hurowitz* and *I. Raymond Kremer,* for Commonwealth.

*Bernard McLafferty* and *Henry Fitzpatrick,* for defendant.

DITTER, J., December 5, 1969.—The issue before us is whether a court has the inherent power to commit a father to prison for refusing to comply with a temporary support order. We believe it does.

On May 20, 1969, a temporary order of support was entered against defendant, Dr. Theodore B. Krouse, under the terms of which he was required to pay $185 per week to his former wife for the maintenance of their two minor children. As a result of defendant's refusing to make any payments in accordance with the order,[1] he was committed to the Montgomery

---

[1] Defendant did continue to pay $75 per week as required by the terms of a property settlement agreement, however.

County Prison on September 11, 1969. Having paid the arrearages, defendant was released the following day on the condition that he continue to comply with the order. Defendant appealed to the Pennsylvania Superior Court, thereby making this opinion necessary. Since defendant has now been released, the question appears to be moot, but we shall set forth our reasons for placing him in prison.

The statutory law of Pennsylvania provides that persons who are in contempt of court for failing to comply with a support order may be committed to a penal institution.[2] Even without statutory authority, courts have always possessed the inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to obey or comply with them: Brocker v. Brocker, 429 Pa. 513, 519 (1968). Where defendant is guilty of contempt of court, he may be committed for the purpose of coercing him into compliance with the order, and, upon compliance, defendant is entitled to immediate release: Knaus v. Knaus, 387 Pa. 370 (1956).

The order for imprisonment is not to vindicate the authority of the law, but is remedial and is intended to coerce defendant to do the thing required by the order for the benefit of the complainant: Knaus v. Knaus, supra, page 379.

Proceedings for contempt and to enforce civil remedies were specifically excepted from the Act of July 12, 1842, P. L. 339, sec. 1, 12 PS §257, which abolished imprisonment for debt. The main object of that act was to provide relief from imprisonment in all cases where the offense was that of omitting to pay money owed on a contract: Elkay Steel Company v.

---

[2] The Act of May 24, 1917, P. L. 268, sec. 1, as amended, 19 PS §1151; Act of June 24, 1937, P. L. 2045, sec. 3, as amended, 62 PS §1973; Act of July 13, 1953, P. L. 431, sec. 9, 62 PS §2043.39.

Collins, 392 Pa. 441 (1958). The use of imprisonment to enforce compliance with an order is exercised with the object of compelling performance and not of inflicting punishment: Commonwealth ex rel. Beghian v. Beghian, 408 Pa. 408 (1962).

It is true that a court cannot commit someone to prison to require him to do that which is beyond his power to accomplish: Knaus v. Knaus, supra, p. 380.[3] However, there is no evidence here that indicates that defendant could not have complied with the order in question. In fact, after one night in prison, he paid the arrearages of $1,760 and has continued to make payments ever since.

We committed Dr. Krouse to prison because he absolutely refused to comply with our order. He made no effort to do so. He did not request additional time to obtain the required money, and did not offer to make any payment on account. In effect, he said that he was beyond the law.

Lastly, the fact that the order was a temporary one is of no bearing. It has been the law in Pennsylvania for many decades that the court has jurisdiction to commit for contempt anyone who refuses to obey a decree commanding the doing of a specific act within the province of the court: Jack v. Twyford, 10 Pa. Superior Ct. 475 (1899). There can be no question that even a temporary order is a command to do something, a command that Dr. Krouse should have obeyed.

[3] In the Knaus case, the Court of Common Pleas of Allegheny County had issued a preliminary injunction restraining defendant from proceeding with an Arkansas divorce action. Defendant, however, did proceed with the action and obtained a final decree of divorce. The lower court found defendant guilty of contempt and imprisoned him until he purged himself of contempt by having the divorce voided. On appeal, the Supreme Court reversed saying, in effect, defendant could not be coerced into doing that which he could not do.