# Lane et al. *versus* Baker.

1. The law exempting property from levy and sale on execution, extends only to cases of debt on contract.

2. A judgment for costs is to be considered in the same light as a judgment for debt on contract, so far as the exemption law affects the rights of the parties.

3. The fact that costs accrued against a failing plaintiff in an action of *tort*, makes no difference so far as relates to the exemption law.

ERROR to the Court of Common Pleas of *Susquehanna county*.

In 1852, Amos Baker, the defendant in error in this case, brought two actions of *trover* against Newton Lane, one of the plaintiffs in error, and failed, and judgment was entered against him for costs. Lane caused executions to be issued for the costs, on each of these judgments, and placed them in the hands of Thomas Jackson, the other plaintiff in error, who, by Lane's direction, levied upon and sold Baker's last cow, and he brought this action of trespass *de bonis asportatis* against Lane and Jackson, for taking and selling his last cow, the right to do which was the only question in the case. The court, WILMOT, J., instructed the jury that the cow levied upon and sold, was exempt from execution, and that the plaintiff was entitled to recover, and this is assigned for error.

*Newton*, for plaintiffs in error.—The first act passed by the legislature to exempt property from levy and sale on execution, was on the 26th March, 1814, P. L. 215, and exempted "household utensils not exceeding in value twenty dollars, all wearing apparel, two beds and the necessary bedding, one cow and a spinning wheel."

A supplement to this act was passed on the 29th March, 1821, P. L. 746, giving the debtor, in addition, one stove.

By an act passed on the 31st March, 1821, P. L. 178, six sheep were exempted.

These three acts exempted no property from levy and sale for judgments rendered for *torts*. No property of the defendant was held too sacred to satisfy such claims, at this period of the exemption laws.

By an act passed on the 10th April, 1828, P. L. 286, the previous acts were repealed. By this act, the exempted articles of personal property were enlarged, not only for debts on contract, but were made also to operate upon judgments for damages, except for damages to real estate.

[Lane et al. *v.* Baker.]

By the 26th section of the act passed on the 16th June, 1836, "relating to executions," P. L. 761, the personal estate exempted from levy and sale on executions for debts and damages, (except damages to real estate,) was further enlarged, merging within itself the Act of 1828, and resting the whole exemption law upon its own provisions.

The 7th and 8th sections of the act passed on the 22d April, 1846, P. L. 476, extended exemption still further.

But by the Act of the 9th April, 1849, the law underwent an entire change; P. L. 533; 1 Troubat & Haly's Pr., 3d edition, 709; Purdon's Digest, 8th edition, 331.

The first section of this act gives the defendant a right to claim $300, in lieu of the former exempted property on executions, issued upon judgments obtained upon contract and distress for rent.

The fifth section repeals the Acts of 1836 and 1846, and all other acts inconsistent with itself.

The sixth section provides, that the act shall not take effect until the fourth day of the succeeding July, and shall apply only to debts contracted on and after that date.

The explanatory act, of the 14th April, 1851, P. L. 616, declares that the fifth section of the Act of 1849, does not repeal the Acts of 1836 and 1846, so far as relates to all debts and contracts, made and entered into prior to the 4th July, 1849.

This act is silent in regard to judgments rendered for damages 'for *torts* done. It exempts no property from levy and sale to satisfy them. They were incorporated into no previous acts but those of 1828 and 1836, and in these, damages done to real estate are excepted. *Mardis* v. *Clark*, 7 H. 387.

*Bentley* and *Fitch*, for defendant in error.—Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, without violation of its obvious meaning. *Cadbury* v. *Duval*, 10 Barr, 270; *Pennsylvania Ins. Co.* v. *Commonwealth*, 1 Har. 166; *Bank of North America* v. *Fitzsimmons*, 3 Bin. 356. What was the design of the legislature, in passing the Act of 9th April, 1849? Was it to enlarge the protection to one class of cases, and entirely take it away from all other classes, thus leaving multitudes of poor families to be stripped of the last vestige of food and clothing, and the naked and famishing children turned out as beggars into the streets, and the last bed and blanket taken, perhaps from the sick mother or father, merely because, forsooth, a judgment has been obtained against a man for one of the thousand *torts* for which he may have been prosecuted by some rapacious plaintiff, and over which the poor man may have had no control whatever.

What is the fair import of the language of the act? "In

[Lawall *v.* Rader.]

lieu of the property now exempt by law from levy and sale, on execution issued upon any judgment obtained upon contract and distress for rent," &c. Clearly that they intended to *enlarge* the exemption on matters of contract, not that they intended to take away *all* exemption in cases of *tort*.

The opinion of the court was delivered May 18, 1854, by

BLACK, J.—The only question here, is, whether the last cow of a debtor is exempt from levy, upon an execution for costs, in an action of trover. It is argued, that the exemption only extends in cases of debt or contract, and this being a *tort*, the law does not apply to it. Perhaps the reasoning is good enough, but one of the main facts on which it is founded is untrue. When a plaintiff in an action of trover is cast, and the judgment is against him for costs, he is not thereby put into the situation which the defendant would have occupied, if the luck had been reversed. A party is not a trespasser because he sues another for trespass. Costs against the plaintiff, are not like damages against the defendant. We are of opinion that a judgment for costs is to be considered in the same light as a judgment for debt on contract, so far as the exemption law affects the rights of the parties. The fact that the costs accrued in an action for a *tort*, makes no difference. This makes any further allusion to the argument of the plaintiffs in error unnecessary.

Judgment affirmed.