# S. S. Pierce's Appeal.

1. Under the provisions of the Act of July 12th 1842 (abolishing imprisonment for debt) a judgment or decree for the payment of costs incident to a suit founded upon contract, and not involving breach of trust, cannot be enforced by an attachment against the person of the defendant.

2. In this respect there is no distinction between costs and the fees of a Master in equity.

3. In so far as an attachment to enforce payment of Master's fees, in such a case as the above, is authorized by Rule XII., § 62, of Equity Practice promulgated by the Supreme Court, said rule is repugnant to the Act of 1842, and therefore void.

4. Cases distinguished, in which decrees for the payment of money, including costs, may be enforced by attachment, under the clause in the Act of 1842 excepting from the operation thereof " proceedings as for contempt to enforce civil remedies."

March 14th 1883.   Before Mercur. C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ., Clark, J., absent.

Appeal from the Court of Common Pleas of *Bradford county:* In equity. Of July Term 1882, No. 113.

This was an appeal by S. S. Pierce, from an order of the said court, awarding an attachment against him for non-compliance, with an order requiring him to pay costs, including the fees of the Master and Examiner, in a certain suit in equity wherein a decree had been duly entered against Pierce for debt and costs. The material facts were as follows:—William Scott filed a bill in equity against S. S. Pierce, for an account and an adjustment of the affairs of a copartnership lately existing between said Scott and Pierce, which expired by limitation September 1st 1878. Pierce filed an answer, and

the cause was referred to an Examiner and Master, and was further so proceeded in, that on January 11th 1882, a final decree was entered in favor of the complainant for the sum of $526.34, and that the taxable costs, and the fees of the Master (which were fixed by the court at $100) be paid by said Pierce.

On May 1st 1882, the court, on motion of complainant, granted a rule on S. S. Pierce to show cause why an attachment shall not issue against said Pierce for costs of Master and Examiner. This rule was duly served and on May 15th 1882, the court filed the following order :—

" Rule in this case made absolute, and it is ordered that an attachment be issued against S. S. Pierce, unless plaintiff's bill of costs is paid within sixty days from this date."

The defendant thereupon took this appeal and certiorari, assigning for error the said order awarding an attachment.

*Williams* (with him *Angle* and *McPherson & Young*), for the appellant.—Since the Act of 1842 abolishing imprisonment for debt, an attachment will not lie against the person of a debtor for non-payment of a judgment or decree for payment of money founded upon contract. The decree in this case was for the payment of a balance due on a partnership account, and was therefore founded on contract. The decree is also for payment of costs, including the Master's fee, but the decree cannot be separated so that one remedy exists to recover the debt and another the costs. No attachment will lie as for contempt to enforce payment of costs . See Scott's Case, 1 Grant 237 ; Gallagher *v.* Norcross, 7 Phila. 623 ; Cochran *v.* Gowen, 9 Phila. 299. If fraud is alleged the remedy is by warrant of arrest, under the Act of 1842, and not by attachment : Gosline *v.* Place, 8 Casey 526 ; Berger *v.* Smull, 3 Wright. 315.

*Overton* (with him *Maxwell*), for the appellee.—This case, we contend, is within the exception named in the Act of 1842, viz : " except in proceeding, as for contempt, to enforce civil remedies . . . . in which the remedies shall remain as heretofore." And it is expressly within Rule XII. § 62, of Equity Practice, promulgated by the Supreme Court in 1864 which took effect July 1st 1865, which reads: " The Master shall not retain his report as security for his compensation ; but when the compensation is allowed by the court he shall be entitled to an attachment for the amount against the party who is ordered to pay the same, if upon notice thereof he does not pay it within the time prescribed by the court."

The fees due the Master are not a debt founded on contract. The Master is an officer of the court: Musser *v.* Good, 11 S. & R. 247. An attachment lies, since the Act of 1842, for non-payment of costs: Fraley *v.* Nelson, 5 S. & R. 233 ; Williams

[Pierce's Appeal.]

*v.* Hazlep, 14 Pa. St. 157; Beidler *v.* Howell, 8 Phila. 273; Lane *v.* Baker, 2 Grant 424.

*Williams*, in reply.—It does not appear that Rule XII. § 62, was made at the revision of the rules in 1864, and we apprehend its relation to the act of 1842 was overlooked. If, however, that rule is repugnant to the Act of 1842, it cannot stand.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

In a proceeding in equity for an account between parties who had been partners in trade, a decree was entered in favor of the plaintiff for $526.34 and costs. It was the simple case of a dissolution of the firm, an agreement that one partner should settle the business, which he proceeded to do, and his subsequent refusal to account. Manifestly the decree is founded upon a contract either express or implied between the parties.

On May 15th 1882, the court "ordered that an attachment be issued against S. S. Pierce unless the plaintiff's bill of costs be paid within sixty days." Pierce had filed his affidavit setting forth that he was unable to pay, for the reason that he had no money or property and was dependent on others, except what he could earn by his labor. But such an affidavit, whether believed or not, could not prevent his arrest and imprisonment if he was subject to attachment for disobeying the decree. He claims exemption under section 1 of the Act of July 12th 1842, P. L. 339, which provides: "No person shall be arrested or imprisoned on any civil process issuing out of any court of this commonwealth, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract, excepting in proceeding, as for contempt, to enforce civil remedies, action for fines or penalties, or on promises to marry, on moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment."

The statute applies alike to judgments at law and to decrees in equity, and prohibits arrest in every case upon contract, which is not included in the exceptions. Where it applies an attachment cannot be lawfully issued, for the party shall not be arrested and put to his answer to the satisfaction of the judge or chancellor, that he is unable to pay the judgment or decree, under pain of imprisonment. Its object being to prevent oppression of debtors, in furtherance of that end it should be liberally construed.

A creditor is no more entitled to process for arrest of the

[Pierce's Appeal.]

debtor for costs than for the debt which was the foundation of the suit. As respects remedy, the costs follow the judgment or decree for recovery of money, and when a statute exempts the defendant's property from levy and sale, or his person from arrest, to enforce satisfaction of the debt, it also applies to the costs. In an action for a tort a judgment against the plaintiff for costs is not like damages against the defendant. A judgment for costs is to be considered in the same light as a judgment for debt on contract, so far as the exemption law affects the rights of parties. And it makes no difference that the costs accrued in an action of tort: Lane *v.* Baker, 2 Grant 424. That decision relates to the statute exempting property to value of $300 from levy and sale upon any judgment obtained upon contract, and surely a statute will be as favorably construed for the debtor which exempts him from arrest. Where no element other than a debt upon contract, enters into a judgment or decree for recovery of money and costs, or for recovery of costs against a plaintiff who failed to establish his case, the party is not subject to attachment. Nor in this respect is there a distinction between costs and fees. If fees are not paid or secured at time of service by the officer, his claim upon the party at whose instance the service was rendered, is not among the matters excepted out of the operation of the statute. When fees remain unpaid, to be collected as costs recovered by a party, though the officer may have execution against the losing party, it shall be of the same nature as if issued by the person who recovered the judgment or decree. An Examiner's or Master's allowance for his services is on the same footing.

Where a person had been committed for non-payment of a decree for money and costs he was discharged from custody, without reference to a distinction between costs and debt. Chief Justice LEWIS ruled that the words of the exception in the statute should not be construed to embrace constructive contempts, for the main object of the statute was to relieve from imprisonment in all cases where no offence appears except that of omitting to pay money due upon a contract; that where there is evidence of fraud in disobeying the decree the statute prescribes the mode of procedure for investigating the facts, and also prescribes the remedies, if the fraud be established; and that the power to imprison for the purpose of enforcing payment of money due on a contract no longer exists. He said the ruling was concurred in by all the judges of the court, except one who was absent: Scott's Case, 1 Grant 237; 2 Phila. 153.

In a bill for an account which was heard at nisi prius in 1874 upon bill, answer and proofs, the bill was dismissed with

[Pierce's Appeal.]

costs. Justice SHARSWOOD refused to issue an attachment against the plaintiff: Cochran *v.* Gowen, 9 Phila. 299.

In Beidler *v.* Howell, S Phila. 273, an attachment for the costs was issued against the plaintiff, evidently on the authority of the rule of this court, in force in the courts of common pleas, which expressly permits attachments for costs and for the Master's compensation, Justice PAXSON, then in the Commonl Pleas, remarking, " It may be that (the Supreme Court) will declare their own rule a nullity and in contravention of the Act of 1842, but we prefer not to be the first to say so." These rules contravene the statute only in one class of cases ; in all others they are in strict accord with the law, as such rules were in all cases prior to the Act abolishing imprisonment for debt. Inquiry into the history of the adoption of the rules might reveal why they provided for attachments to enforce decrees for costs, without exception, but the fact would remain that just to the extent that they are in conflict with the statute they are void. In many cases, perhaps in most, attachments may be issued to compel payment of a decree for money, or for costs, and the rules apply to such.

Arrest " in proceeding, as for contempt, to enforce civil remedies " is excepted from the operation of the Act. The nature of this exception is shown in Chew's Appeal, 44 Pa. St. 247, where it was decided that a court of equity may issue an attachment against a trustee, as for contempt, who refuses to pay money in obedience to a decree founded upon the trust estate in his hands. It was said that an order upon one who is strictly a trustee to pay over trust money in his hands is not a decree founded upon contract, either express or implied, in any ordinary sense of the word "contract." The obligation of a trustee grows out of a duty which the law imposes, and a breach of trust is a greater wrong than mere breach of promise to pay. The doctrine of that case aids in giving a rational construction to the exception of a proceeding, as for contempt, to enforce civil remedies—one that does not nullify the statute in a court of equity, nor in any court where judgments or decrees may be rendered for recovery of money upon a contract.

This is a final decree founded upon a contract, and for omission to pay either debt or costs the defendant cannot be punished as if guilty of a contempt. Were it doubtful whether an attachment could be properly issued the doubt should be solved against the writ.

Where a party obtains a continuance of his cause upon condition that he pay certain costs, or obtains an interlocutory order upon like condition, or certain costs are imposed upon him as a penalty for his default or misconduct in the course of the proceeding, an element exists that is not in this case, and

[Smith *v.* Simmons.]

we cannot now decide whether under such circumstances the court may justly enforce payment by attachment.

> The order and decree, made May 15th 1882, "that an attachment be issued against S. S. Pierce unless plaintiff's bill of costs be paid within sixty days," is reversed, and appellee to pay the costs.