## Bradley, Appellant, *v.* West Chester Street Railway.

*Execution—Debtor's Exemption—Costs—Master's fee—Act of* 1849.

The plaintiff in an equity suit to restrain a trespass, whose bill is dismissed with costs, may claim the benefit of the exemption where execution is issued against him to recover the amount of the master's fee.

*Equity—Costs—Master's fee—Debt on contract.*

The compensation of a master in equity, as respects the party who has it to pay, is costs, and not a fee.

The plaintiff in an equity suit, by invoking the services of a master, impliedly agrees to pay him therefor, and no other element than that of debt on contract enters into the decree against plaintiff for costs.

Argued Feb. 6, 1894.   Appeal, No. 63, July T., 1893, by plaintiff, D. Hiester Bradley, from order of C. P. Chester Co., April T., 1893, No. 45, directing sale of property of plaintiff, set apart under debtor's exemption, to pay master's fee.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition to sell property set apart as debtor's exemption, under act of April 9, 1849, P. L. 533.

From the record it appeared that plaintiff filed a bill in equity praying for an injunction to restrain defendant from trespassing upon and injuring his property in the construction of its railway.

The case was referred to a master, who reported in favor of dismissing the bill with costs.   The report of the master was sustained, and a decree entered dismissing the bill, and impos-

ing the costs upon plaintiff, including a master's fee of two hundred and fifty dollars. Execution was issued to compel payment of the master's fee. Plaintiff claimed the benefit of the exemption law, and personalty was set apart under the claim. Defendant then petitioned the court to direct the sheriff to sell in disregard of the claim. The court made an order that the property set apart should be sold to pay the master's fee, in an opinion by HEMPHILL, J.

*Error assigned* was above order, quoting it.

*J. Frank E. Hause, R. Jones Monaghan* with him, for appellant, cited: Ranck v. Hill's Exr., 3 Pa. 23; 14 A. & E. Ency. 955; Janes's Ap., 87 Pa. 428; Orphan Asylum's Ap., 38 Pa. 536; Lowenstein v. Bierbaum, 14 Phila. 199; Large v. Davis, 12 W. N. 33; Reynolds v. Baylor, 3 C. P. R. 54; s. c., 7 Lanc. L. R. 40; Yerkes's Ap., 14 W. N. 510; Lane v. Baker, 2 Grant, 424; Pierce's Ap., 103 Pa. 27.

*Wm. M. Hayes* and *R. T. Cornwell* for appellee, cited: Kenyon v. Gould, 61 Pa. 292; Kirkpatrick v. White, 29 Pa. 176; Com. v. Dougherty, 8 Phila. 366; McAuley's Ap., 35 Pa. 209; Gangwere's Ap., 36 Pa. 466; Huey's Ap., 29 Pa. 219; Dieffenderfer v. Fisher, 3 Gr. 30; Emerson v. Smith, 51 Pa. 90; Gilleland v. Rhoads, 34 Pa. 187; Strouse's Exrs. v. Becker, 38 Pa. 190; Lorenz v. Wright, 6 W. N. 539; Rosenberger v. Hallowell, 35 Pa. 369; Eberhart's Ap., 39 Pa. 509; Yelverton v. Burton, 26 Pa. 351; McCarthy's Ap., 68 Pa. 217; Snow v. Dill, 6 W. N. 330; Collum's Ap., 12 W. N. 309; Lauck's Ap., 24 Pa. 426; Bowyer's Ap., 21 Pa. 210; Shelly's Ap., 36 Pa. 373; Pittman's Ap., 48 Pa. 315; Ulrich's Ap., 48 Pa. 489; Bonsall v. Comly, 44 Pa. 442; Strohecker v. Buffington, 1 Pears. 124; Neubert v. McCulloch, 27 Pitts. L. J. 177; Danner v. Fritz, 2 Northampton, 67; Wilkins v. Rubincam, 15 W. N. 128; Williams v. Sheridan, 7 Luz. L. Reg. 14; Smith v. Carter, 42 Leg. Int. 100; McKee v. Christman, 103 Pa. 431; Wood's Est., 7 W. N. 84; Edwards v. Withrow, 22 W. N. 576; Wiley's Ap., 90 Pa. 173; Hartman v. Holstein, 2 Northampton, 49; Pierce v. Lewis, 9 Pa. C. C. R. 250; Act of March 4, 1887, P. L. 4; Act of May 23, 1887, P. L. 164; Act of April 4, 1889, P. L. 23; Beidler v. Howell, 8 Phila. 273;

Chew's Ap., 44 Pa. 247; Tome's Ap., 50 Pa. 285; Church's
Ap., 103 Pa. 263; Wilson v. Wilson, 142 Pa. 247; Equity
Rules, 12; Winton's Ap., 97 Pa. 395; Pierce's Ap., 103 Pa.
27; Scott's Case, 1 Gr. 237; Woodward v. Brace, 139 Pa.
316; Orphan Asylum's Ap., 38 Pa. 536; Williamson v. Krum-
bhaar, 132 Pa. 455; Seibert's Ap., 73 Pa. 361; Act of April
9, 1849, P. L. 534; Harting v. Grant, 2 Wood. 127; Wadlin-
ger on Costs, 119, § 42; Gyger's Ap., 62 Pa. 80; Stocker v.
Hutter, 134 Pa. 27; O'Hara v. Stack, 90 Pa. 477; Pendleton
on Debtors' Exemption in Penna., p. 47; 7 A. & E. Ency. 133.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 26, 1894:

Plaintiff's bill to restrain defendant company from trespass-
ing on his premises was so proceeded in, that it was dismissed
at his costs, including the master's fee of $250. On an execu-
tion afterwards awarded against him for said costs, he claimed
the benefit of the $300 exemption, and property to that amount
was appraised and set apart to him. Exceptions to that allow-
ance were sustained; and, for the purpose of collecting the
master's fee, the sheriff was ordered to sell the property which
had been appraised and set apart as aforesaid. From that
order this appeal was taken.

The question thus presented is whether, as against the execu-
tion for master's fee, the plaintiff was entitled to the exemption
accorded to him by the sheriff. If he was, the order complained
of was improvidently made and should be reversed. The
learned judge appears to concede that, under the provisions of
the exemption act of 1849, a plaintiff is entitled to exemption
against an execution for costs, upon the ground that when he
invokes the services of a public officer there is an implied promise
or contract to pay him such fees as by law he is entitled to for
the services rendered, but he thinks no such implication arises
as to the fee of a master in equity. In that, we think he is
mistaken. The compensation of a master, as respects the party
who has it to pay, is costs and not a fee: Janes's Appeal, 87
Pa. 428. In that case it was said: "When a party in a litigated
case is adjudged to pay costs, his liability is not restricted to
the disbursements and expenses which the opposite party may
be entitled to receive, but extends to the officers of the court
for services rendered therein. When these united sums are

taxable in the case, they constitute ' the costs ' for which he is. liable.    In one gross sum he pays both. . . . As against the party compelled to pay them, all the items are costs."

As an item of expense in an equity case, the master's fee is included in the general costs of the suit: 14 Am. & Eng. Ency. of Law, 955.

While the bill in this case was to restrain the commission of a tort, there is no reason for treating the decree, against the unsuccessful plaintiff for costs, otherwise than as a judgment for a debt on contract express or implied.    In that respect, there is no ground for a distinction between law and equity. A judgment against an unsuccessful plaintiff in trover is a judgment on contract, as respects the costs, and, upon an execution to recover the same, he is entitled to claim the benefit of the exemption law: Lane v. Baker, 2 Grant, 424.    In that case, Mr. Justice BLACK said: " A party is not a trespasser because he sues another for trespass.    Costs against the plaintiff are not like damages against the defendant.    We are of opinion that a judgment for costs is to be considered in the same light as a judgment for debt on contract, so far as the exemption law affects the rights of the parties.    The fact that the costs accrued in an action for tort makes no difference."

To the same effect is Pierce's Appeal, 103 Pa. 27.    That was a bill to dissolve a partnership, and resulted in a decree against the appellant for money, together with costs, including the master's fee, and this court said : " Where no element other than debt upon contract enters into a judgment or decree for the recovery of money and costs, or for recovery of costs against a plaintiff who failed to establish his case, the party is not subject to attachment.    Nor in this respect is there any distinction between costs and fees.    If the fees are not paid or secured, at the time of service, by the officer, his claim upon the party at whose instance the service was rendered is not among the matters excepted out of the operation of the statute.    When the fees remain unpaid, to be collected as costs recovered by a party, though the officer may have execution against the losing party, it shall be of the same nature as if issued by the person who recovered the judgment or decree.    An examiner or master's allowance for his services is on the same footing."    Right to exemption rests on same principle.

It is unnecessary to refer specially to the numerous cases cited by the appellee wherein it has been held that certain persons are excluded from the benefit of the exemption law, viz.: defendants in mechanics' liens, in ejectments, in judgments for overdue taxes ; defendants in actions for tort; constables against whom judgment has been obtained for official misconduct or negligence; defendants claiming exemption out of property conveyed in fraud of their creditors, etc.    They all stand upon satisfactory grounds, peculiar to each class, but entirely different from that occupied by the plaintiff in the case at bar.

Without further elaboration, we think the master's fee should be treated as part of the costs which the unsuccessful plaintiff was decreed to pay; that by invoking the services of the master, said plaintiff impliedly agreed to pay him therefor, and hence no element other than that of debt on contract entered into the decree against him for costs ; and he was therefore entitled to the exemption that was accorded to him by the sheriff.

It follows that the decree specified in the assignment of error should be reversed.

Decree reversed at appellee's costs.