## The State Mutual Benefit Society v. Jackson et al.

*Thomas A. Curran,* for petition.

*Alexander B. Geary* (of *Geary & Rankin*), with him *Geo. J. Edwards, Jr.,* contra.

BROOMALL, J., Oct. 18, 1929.—In the above attachment execution defendant, Jackson, presented his petition for the benefit of debtor's exemption under the Act of April 9, 1849, P. L. 533, to which plaintiff and garnishee therein filed a joint answer denying his right thereto, and also claiming to set off a judgment for costs subsequently assigned to garnishee by plaintiff in these proceedings against the sum due him by garnishee on another judgment.

It appears that defendant, Jackson, in the suit, as of the above term and number, against plaintiff (defendant therein) recovered a judgment in the

Court of Common Pleas of this county for $125, together with interest and costs; that defendant, Jackson, was also plaintiff in another suit against garnishee and recovered a judgment in a similar amount against it; that judgment of plaintiff, on appeal, was reversed, while the one against garnishee was affirmed (see 95 Pa. Superior Ct. 56); that thereupon plaintiff entered judgment for costs, issued an attachment execution thereon against defendant, Jackson, attaching the moneys due him on the judgment against garnishee; that the judgment of plaintiff for costs amounts to $132.50, while the judgment of defendant, Jackson (plaintiff therein), against garnishee is in the sum of $186.54; that plaintiff subsequently assigned its said judgment for costs to garnishee, and that garnishee offers the difference ($54.04) in full settlement.

The Act of April 9, 1849, P. L. 533, exempts property on execution to the value of $300 from levy and sale. This allowance should not be treated lightly, and a debtor should be protected in having it allowed to him, unless he has waived it or by some legal act of his he is to be deprived thereof. In in the instant case it has not been waived nor has any act of the debtor deprived him of it. The execution is on a judgment for costs in an action wherein debtor was the unsuccessful plaintiff to recover on a contract of insurance. There is no question raised as to the regularity of the exemption claim. It is contended that to allow it in this case would be an approval of an inherently wrongful act, but with this we cannot agree. The suits in question by debtor were against two different defendants, and the rights which accrued for or against him in each must be treated separately.

While the Exemption Act of 1849, supra, applies only to cases of debt on contract, it will be allowed on a judgment for costs against an unsuccessful plaintiff in an action of tort: Lane v. Baker, 2 Grant, 424, cited with approval in Bradley v. Railroad Co., 160 Pa. 72. The judgment for costs, even in an action of tort, is treated simply as though the costs were a debt on an implied contract to pay. It is not contended, however, that the exemption is not allowable on an attachment execution, but only that it is not allowable on an execution for costs. The above decision decides this point in favor of the debtor.

It is also contended that plaintiff having assigned its judgment to garnishee, that one can be set off against the other. While one is a judgment for costs, and the other is a judgment for debt, this we believe makes no difference. It is well settled that one judgment may be set off against another judgment.

Counsel for plaintiff and garnishee cite Ehrhart v. Esbenshade, 53 Pa. Superior Ct. 258, and Knoller v. Everett, 65 Pa. Superior Ct. 169, in support of their contention. In our opinion, these cases, involving a set off of one judgment against another, are authority for the proposition that they will only be set off upon equitable principles and will not be set off where it will work an injustice to either party or where there are intervening equities. The inherent power of the court in this respect will only be exercised in its discretion so that substantial justice will be done.

In the instant case we believe it would be an injustice to deprive debtor of the benefits to which he is entitled under the exemption law, as he has not waived the benefit of it, nor has he by any act deprived himself of it, and that a similar injustice would be done should we allow the set-off, as by so doing he would be deprived of his exemption.

And now, to wit, Oct. 18, 1929, rule heretofore granted is allowed, exemption allowed as prayed for and set-off refused.

From William R. Toal, Media, Pa.