## Wilson et al. v. McHale

*J. J. Ratner*, for plaintiffs.
*F. J. McCarthy*, for defendant.

BOK, P. J., April 26, 1947.—This is an action in partition, begun by bill in equity, filed on September 14, 1940, and concluded by the master's final return of sale and report filed on March 4, 1947.

The docket entries alone consist of three and a half typed pages: there are over three hundred pages of testimony; the master filed five interlocutory reports; there are innumerable petitions, decrees, exceptions, and other pleadings; counsel has assured the court that there were more than 1,000 telephone calls made, and that their correspondence files are formidable; the court record itself is not far from a foot thick. Twelve properties or blocks of properties were involved.

The master having filed his final return of sale and report, and having filed a supplementary report disposing of the exceptions to it, we now have before us defendant's exceptions to the final return, and a petition for counsel fees, to which defendant objects. The master has also petitioned for an additional fee.

The question of the master's fee can be easily disposed of. In Novy et al. v. Novy et al., 324 Pa. 362 (1936), the court said (p. 367) :

"The question as to the master's fee is not so difficult. He is an officer of the court exercising quasi judicial duties; his fee is properly taxable as costs in partition regardless of whether or not the action is adversary. See Playford's Est., 7 Pa. Superior Ct. 325. His fee is on a footing with the fee of the prothonotary and other court officers, and the cessation of the proceedings does not affect his right. A court of equity may, within its sound discretion, fix the fee of the master and assess it as the justice of the case requires: Penna. Co. for Ins., etc., v. Phila. Nat. Bank, supra; Woodward v. Brace, 139 Pa. 316. Such fees are recognized as costs at common law and, unlike counsel fees, may be recovered by issuing an execution in the name of the party to whom the fee was awarded upon the decree or judgment: Ranck v. Hill's Exr., 3 Pa. 423; Bradley v. West Chester Street Ry., 160 Pa. 72. Although the plaintiff in partition is nominally entitled to such costs, he merely is trustee to collect the costs and turn over the proceeds to the master, who may act if plaintiff does not. Where the court orders the master's fee taxed as costs and paid by all the parties in equal shares, it is binding on all."

We do not agree with defendant's contention that the master should forfeit his fee because he has been dilatory. Earlier in the proceedings he was awarded $500. His petition requests an additional $1,000. While it is true that the proceedings have dragged along for a period of five years after the master's appointment, and while the master might at one or two points have acted more expeditiously than he did, we do not feel, after a careful review of the case, that he was sufficiently dilatory to warrant a denial of his extra compensation. The case has been unusually involved and has been a strain on the patience of everyone, the court included. We regard the requested figure as entirely reasonable and the master's services as having been difficult and satisfactory.

We accordingly grant the master's petition for an additional fee in the sum of $1,000, and direct that it be taxed as part of the costs.

As for plaintiffs' claim for counsel fees and costs, we do not hesitate to grant it to the extent of $40.60, representing costs incurred between September 13, 1940, the date of the filing of the bill, and November 25, 1941, when a stipulation concerning a preliminary distribution was filed. Judgment on the bill was taken pro confesso and these costs therefore relate to that part of the case that was not adversary. The costs are taxed in the amount of $40.60.

Coming to the more difficult question of counsel fees, we are faced by a petition by William C. A. Smith, Sr., joined in by the other plaintiffs, for an allowance of $1,350. Since the suit began, one of the plaintiffs, Anne M. McCaffrey, has died and the three minor plaintiffs have come of age. William C. A. Smith, Sr., who is Anne M. McCaffrey's executor, now appears as plaintiff in his own right and as her executor.

Defendant is the sole heir who has offered opposition in the proceedings, but she has done so only after judgment was taken pro confesso. Up to that point it cannot be said that the proceedings were adversary.

Counsel fees for a petition in partition are provided for in the Act of April 27, 1864, P. L. 641, sec. 1, 12 PS §1757, which reads as follows:

"The costs, in all cases of partition in the common pleas, or orphans' court, of this commonwealth, with a reasonable allowance to the plaintiffs, or petitioners, for counsel fees, to be taxed by the courts, or under its direction, shall be paid by all the parties, in proportion to their several interests."

This act must be strictly construed: Novy et al. v. Novy et al., supra. Its purpose was to equalize the position of one who found it necessary to begin proceedings and seek legal counsel, the result of which would benefit all parties interested in the property involved. Conse-

quently it has been clearly held that fees to conduct adversary litigation cannot be taxed as costs: Snyder's Appeal, 54 Pa. 67 (1867) ; Grubbs' Appeal, 82 Pa. 23 (1876) ; Biles' Appeal, 119 Pa. 105 (1888) ; Novy et al. v. Novy et al., supra. In Fidelity Insurance Company's Appeal, 108 Pa. 339 (1885), the court said (p. 343) :

"In view of what has been said, it is scarcely necessary to add that the 'reasonable allowance' contemplated by the Act does not include expenses of adversary proceedings, resulting from a defence to the plaintiff's demand for partition or from any other cause. Such an allowance would be clearly beyond the scope of the Act. The main ground of reversal in Grubb's Appeal, supra, was that the Auditor allowed counsel fees to the plaintiffs for what he termed 'the litigation of the defendant'."

Petitioners urge on us the view that defendant's opposition was not in good faith, and that the requested fee represents only work done apart from the adversary aspects of the case. We can well believe that defendant's tactics were to a degree obstructionist (for which we do not impugn her counsel), but even so we must keep clear the purpose of the Act of 1864: it is in derogation of the common law, it was intended to correct a special inequality, and it provides a rare thing—the allowance of counsel fees as costs. This must be remembered: The fees are to be considered less as the fees of a court lawyer than as the costs of the process. The distinction is made clear in Grubbs' Appeal, supra, where the court said (p. 29) :

"The compensation of counsel for services in the trial of contested causes was not the end in view. It would be a novel and anomalous feature in our legal system to have such compensation 'taxed by the court.' It is a settled rule that a successful party cannot be allowed even by a jury, in the extremest cases, for such expenses: Good vs Mylin, 8 Barr 51; Stopp vs Smith, 21 P. F. Smith 285. The act had relation to costs

capable of calculation and ascertainment, and not to such fees as counsel and client are accustomed of themselves to adjust. In its very title, indeed, it was stated to be 'relative to costs in cases of partition'. The services for the performance of which the statute was meant to provide were searches, formal motions, the preparation of papers and conveyancing—in a word, for such professional duties as would properly enter into the bill of costs of an attorney under the English practice. Counsel fees in the ordinary sense—such as are paid to a barrister for a trial in court—were not in contemplation."

And in Novy et al. v. Novy et al., supra, the court said (p. 366) :

"When, however, partition is contested in good faith, *or when the services rendered are adverse to the other parties,* the petitioner cannot recover as costs counsel fees earned by his attorney in litigating his right to partition." (Italics supplied.)

In the instant case, we do not feel that the act permits us to award counsel fees for more than the part of the case that was not adversary—i.e., to the point, and including it, of taking judgment pro confesso. At least three times thereafter defendant filed exceptions and once they were sustained and a resale of one of the parcels of property was ordered; her first exceptions were filed on July 26, 1941. Her counsel was present at all hearings before the master and often cross-examined plaintiffs' witnesses; defendant once gave evidence herself. Rules were taken against her for failing to abide by her agreement to purchase some of the properties. She has filed exceptions to the master's final return and report.

It is apparent, therefore, that the proceedings were adversary after judgment was taken. Since the act allowing fees is to be construed strictly, we do not regard the term "adversary" as applicable only to opposition to the original bill. The Fidelity Insurance

Company's Appeal, supra, mentions adversary proceedings "resulting from a defence to the plaintiff's demand for partition *or from any other cause.*" We are of opinion that taking judgment pro confesso does not render the entire proceedings nonadversary, so as to justify an allowance of the full fee.

A case very nearly in point is Lee v. Hamilton, 22 Dist. R. 75 (1912), in which one tenant in common filed a bill in partition against the other and judgment was taken pro confesso. The real contest began before the master thereafter. The court refused to allow the full counsel fee asked for, but did allow a smaller fee for services connected only with that part of the case that could be said to have concerned the common interest of all parties. We are constrained to follow the same pattern.

The master's account shows net receipts of nearly $20,000, of which nearly $14,000 had already been distributed. We will allow each of petitioners the sum of $125 for counsel fees, a total of $750, to be taxed as part of the costs.

The total of items to be taxed is $1,790.60, composed of $1,000 for the master's additional fee, $750 for petitioners' counsel fee, and $40.60 for costs. This total will be assessed against the parties in proportion to their original interests under the will of Thomas McCaffrey, to wit: Elizabeth J. Wilson, one quarter; Estate of Anne M. McCaffrey, deceased, William C. A. Smith, Sr., executor, one quarter; Emma V. McCaffrey McHale, one quarter; William C. A. Smith, Sr., one sixteenth; William C. A. Smith, Jr., one sixteenth; Mary E. Smith, one sixteenth; Thomas J. Smith, one sixteenth.

The final question before us is raised by defendant's exceptions to the allowance by the master to Anne M. McCaffrey, covering expenditures made by her for repairs, maintenance, and taxes.

The master allowed Miss McCaffrey $2,196.90 for taxes paid by her on 6101 Cobbs Creek Parkway. This

sum represents more than the taxes on the property: $1,935.85 represents taxes paid in full for the years 1937-1940, both inclusive; $90 water rent for the years 1936-1940, both inclusive; burglary insurance, $55.55; fire insurance, $50 and $30; trimming shrubbery, $25; watchman, $7, and cutting the lawn, $3.50.

As for the taxes, Miss McCaffrey must be held, legally, to be a volunteer. Under the Act of May 24, 1917, P. L. 270, 72 PS §§5968 and 5969, and the Act of April 25, 1929, P. L. 776, 72 PS §5661, a joint tenant, tenant in common, or coparcener need only pay his proportionate part of the entire tax in order to protect his undivided interest: as to the balance, if he pays it, he is a volunteer. In Lohr's Estate, 132 Pa. Superior Ct. 125 (1938), the appropriate provisions of the above acts are set forth, and the court said (p. 129) :

"There was no joint obligation upon the tenants in common to pay the taxes, and appellant was not required at any time, as one of the tenants in common, to pay the whole tax for each year in order to protect his undivided interest. Appellant was a volunteer, and contribution was not available to him under the facts in this case."

The above acts were passed, and Lohr's Estate was decided, after the cases cited by petitioners, even should they be considered applicable on the facts: Brown v. McCullough, 60 Pa. Superior Ct. 98 (1915) ; Weiskircher v. Connelly, 248 Pa. 327 (1915) ; Fassitt v. Seip, 249 Pa. 576 (1915).

The amount of taxes, $1,935.85, must therefore be disallowed to Anne M. McCaffrey (now the estate of Anne M. McCaffrey).

As to the remaining part of defendant's exception, namely the repairs and maintenance to various properties in the sum of $1,703.87 plus the difference on 6101 Cobbs Creek Parkway between the allowance of $2,196.90 and the taxes, $1,935.85, or $261.05—the court is at present powerless to consider this matter

intelligently. Nowhere is the sum of $1,703.87 itemized, either with regard to the nature of the work done or to the properties involved. Counsel discuss the figure as a lump sum, and the court is without any guide to the exact figures and items of work in question. The master gives the net figures for each property, but under a general heading, and the court cannot tell whether defendant's exception runs to the whole of each net figure on each property. Already the court has had to dissect the total figure of $2,196.90 in the case of the 6101 Cobbs Creek Parkway property, and show that not all of it is for taxes.

If defendant wishes to press the point, the court directs that she file a precise and itemized exception, showing each item and its cost and the property to which it applies, together with exact references to the notes of testimony where evidence appears with reference to these matters. The court cannot be expected to comb the record for items, which may or may not form part of defendant's exception, even if they happened to add up to the total figure.

This point will therefore be left open for further consideration.

The court was informed at argument that questions concerning a possible surcharge of the master, particularly as to premiums on his bond, have been withdrawn from the case.

The court will await further action by defendant as indicated above. If she does not desire to press the matter, counsel will prepare a form of final decree in accordance with their ultimate agreement and with this opinion.