## Matteo *v.* Bofoni, Appellant.

Argued March 26, 1954. Before Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J., absent).

*Rames J. Bucci*, with him *Bucci & Bucci*, for appellant.

*Joseph Blank*, with him *S. Frank Laveson*, for appellee.

Opinion by Woodside, J., August 30, 1954:

We have heard arguments on a motion to quash this appeal and on the merits of the case.

It involves a suit in assumpsit brought by the appellee to recover payments made to the appellant for refrigerators which could not be used for the purposes for which they were sold.

After trial without a jury before Judge Linton of the Municipal Court of Philadelphia judgment was entered in favor of the plaintiff and against the defend-

ant appellant in the sum of $450. Shortly thereafter Judge LINTON died and upon motion of defendant the Municipal Court granted a new trial.

The case was retried by Judge BONNIWELL before a jury. There was a verdict in favor of the plaintiff and against the defendant in the amount of $1275.40. Defendant made motions for a new trial and for judgment non obstante veredicto.

These motions were dismissed for want of prosecution, and judgment was entered on the record.

After attachment execution was issued defendant took this appeal.

There was no opinion written by the lower court because the motions were dismissed by it for want of prosecution, and because the appellant thereafter failed to comply with rule 43 of this court which provides inter alia as follows: "Immediately, upon taking his appeal, appellant shall serve notice thereof on the opposite party or his counsel; and, if the appeal relates to any order, judgment or decree, for which the reasons do not already appear of record, on the judge who entered it."

Where counsel failed to serve notice on the court of the taking of an appeal when no opinion had been filed because of the death of the trial judge the Supreme Court in *Girard Trust Company, Trustee—Commonwealth Appeal*, 367 Pa. 223, 225, 79 A. 2d 666 (1951) said: "In such circumstances counsel should have notified the surviving judges of his court, if any, or the deceased judge's successor, of the appeal and requested that Rule 43, which we regard mandatory, be complied with."

The appellant failed to comply with rule 39 of this court in that without printing all of the evidence in the record, he failed to file a statement of the evidence he did not intend to print and notify opposing counsel

thereof. The deception which could be worked upon court and counsel for appellees through failure to comply with this rule is almost unlimited.

The appellant failed to comply with rule 45 in that he did not serve copies of his brief upon opposing counsel until two days before the argument making it impossible for counsel for appellee to prepare and print his brief in time for the argument. Although this rule has not always been strictly enforced there should be good cause for any failure to comply with it.

For the reasons set forth above the appeal will be quashed. Although we are quashing the appeal we have nevertheless read the record and the appellant's brief on the merits and have not thereby become aware of any impelling reason to grant a new trial or judgment non obstante veredicto.

Appeal quashed.