Tonuci, Appellant, *v.* Lennon.

Argued March 25, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Samuel Melnick,* for appellant.

*Nicholas G. Petrella,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

We are here concerned with two appeals arising out of a proceeding which commenced when Ida Tonuci entered judgment on a bond accompanying a second mortgage against premises at 121 South 44th Street in the City of Philadelphia. Upon exceptions to the assessment of damages, Ida was directed to make an accounting as mortgagee in possession. Exceptions were filed to her account, whereupon an auditor was appointed under the provisions of Pa. R. C. P. 1530(d). The account was restated by the auditor, who filed a report in which it was recommended that Ida should pay the costs of audit. Timely exceptions were filed by Ida, none of which exceptions related to the recommendation that she should pay the costs. The exceptions were subsequently dismissed, and the auditor was awarded a fee in the amount of $400.00 to be paid by Ida. Fifty-two days later Ida filed exceptions to the award on the ground that the auditor's fee was excessive and should not be charged against her. The court below struck off these exceptions as untimely, and appeal No. 72 is from that order. Upon the auditor's petition, the court thereafter granted a rule upon Ida to show cause why an attachment should not be issued because of her failure to pay the auditor's fee. Appeal No. 129 is from the order of the court below making said rule absolute and issuing an attachment.

In connection with appeal No. 72, appellant argues that she and her attorney, who is her husband, were in Europe at the time the award to the auditor was made, and her exceptions were filed within twenty days after she received notice of the award. See Pa. R. C. P. 1518(a). However, we agree with Judge REIMEL, speaking for the court below, that "whether the proceeding be viewed as one at law or in equity, the exceptions are untimely". It is significant that appel-

lant did file timely exceptions to the report of the auditor but did not except to the auditor's recommendation that she should pay the costs of the audit. It is well settled that an accountant may be ordered to bear the costs of an audit made necessary by his fault: *Lewis Estate,* 349 Pa. 455, 37 A. 2d 559. Furthermore, our review of this record indicates that the fee fixed by the court below for the auditor's services was reasonable, and that there was no abuse of discretion in this regard. The order appealed from at No. 72 will therefore be affirmed.

Coming now to appeal No. 129, there is no question that an equity court has the power to enforce its decrees by attachment: *Commonwealth ex rel. Liebrum v. Lewis,* 253 Pa. 175, 98 A. 31. That case involved the refusal to obey a decree requiring the removal of an obstruction from a road. It appears to be well settled, however, that an attachment may not be issued to enforce a decree calling merely for the payment of money: *Commonwealth ex rel. DiGiacomo v. Heston,* 292 Pa. 63, 140 A. 533 (partnership accounting); *Brierhurst Realty Co. v. Lembrecht,* 299 Pa. 9, 148 A. 863 (accounting for rents). See Pa. R. C. P. 1529(c) with comment thereunder in Goodrich-Amram. Our research has failed to disclose a case involving an accounting by a mortgagee in possession wherein the use of this extraordinary remedy has been sanctioned, nor does the court below cite any supporting authority.

It is argued that the order should be affirmed because the auditor was an officer of the court. On the other hand, the fee in question must be considered as part of the costs, *Bradley v. West Chester Street Railway,* 160 Pa. 72, 28 A. 500. Ordinarily, the costs of audit are paid from the fund before the auditor for distribution. The use of attachment as a method of

collection in a somewhat similar situation was held improper in *Pierce's Appeal,* 103 Pa. 27. Appellee has failed to convince us that the case at bar should be distinguished from a case involving merely the payment of money, wherein attachment process has never been approved. The order appealed from at No. 129 will therefore be reversed.

There was presented a motion to quash these appeals because of appellant's failure to comply with our Rule 45. The record and briefs before us would fully justify such action. See *Adelizzi v. O'Meara,* 159 Pa. Superior Ct. 561, 49 A. 2d 263; *Matteo v. Bofoni,* 177 Pa. Superior Ct. 16, 107 A. 2d 738. However, since we passed on the merits, the motion will be denied: *Beato v. DiPilato,* 175 Pa. Superior Ct. 602, 106 A. 2d 641.

The order in No. 72 October Term 1958 is affirmed. The order in No. 129 October Term 1958 is reversed.