## Snyder County Trust Company v. Lee

*Leonard R. Apfelman*, for plaintiff.
*Michael C. Richman*, for defendants.

WILSON, *P.J.*, February 19, 1980—Before the court is defendants' petition which basically presents an application to stay plaintiff's execution and sheriff's sale of defendants' residential real estate upon a confession of judgment and challenges the proceedings for plaintiff's failure to comply with the provision of Pa.R.C.P. 2981 et seq., as provided by the Act of January 30, 1974, P.L. 13, sec. 407, as amended, 41 P.S. §407. The petition was filed on September 21, 1979, after entry of confession of judgment on May 10, 1977, execution on May 10, 1979, and sale held August 25, 1979. In response to the petition plaintiff filed preliminary objections in the nature of a motion to strike defendants' petition as it was not verified by affidavit and in the nature of a demurrer alleging the petition was not timely filed.

It should be first noted that a responsive pleading to a petition and rule to strike or open a judgment cannot be by preliminary objections. It has been held that preliminary objections in these circumstances would be procedurally improper. See Tonuci v. Lennon, 186 Pa. Superior Ct. 522, 142 A. 2d 745 (1958); Firbeck, Inc. v. Penn Card & Paper Co., 23 Bucks 273 (1972). However, it has also been held that, where there have been no objections filed to the use of preliminary objections, the court may treat them as an answer to the petition.

It also should be noted that Pa.R.C.P. 206 does provide that a petition which contains allegations of fact that do not appear of record must be verified. However, it is equally true that where the allegations contained in the petition are a matter of record, the petition would require no verification. See Carroll Twp. School Board Vacancy Case, 407 Pa. 156, 180 A. 2d 16 (1962). Therefore, in treating

plaintiff's preliminary objections as an answer to the petition, and noting that the record does disclose that plaintiff has proceeded without complying with Pa.R.C.P. 2981 et seq., and in nonconformance with the act of the legislature, the lack of a verification would not vitiate the petition. The act, 41 P.S. §407, specifically provides:

"As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession . . . until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant. . . ."

Plaintiff's second objection, which finds its underpinning in the rules governing the court's permissible opening of judgments, would be inapplicable to a petition to stay an execution for failure to comply with the law. The rules governing the permissible opening of judgments provide that the petitioner must prove the coalescing of three factors: (1) that the petition seeking relief was promptly filed, (2) that the failure to respond to the operative pleadings was excusable, and (3) that a meritorious defense exists: Ruggiero v. Phillips, 250 Pa. Superior Ct. 349, 378 A. 2d 971 (1977); McCauley Estate, 478 Pa. 83, 385 A. 2d 1324 (1978); B.C.Y., Inc. Equipment Leasing Associates v. Bukovich, 257 Pa. Superior Ct. 121, 390 A. 2d 276 (1978); Ecumenical Enterprises, Inc. v. Nadco Construction, Inc., 253 Pa. Superior Ct. 386, 385 A. 2d 392 (1978).

Clearly, defendants' petition was not promptly filed after the entry of judgment, nor does it contain allegations of excusable delay or a meritorious defense. However, it is apparent that although the

petition is partially entitled "a petition to open judgment," it is clearly a petition to stay execution based upon plaintiff's failure to proceed pursuant to law. Thus the requirements to open a judgment would have no application. Defendants have not challenged plaintiff's judgment and, therefore, would not be entitled to have the judgment opened, but they would have the clear right to stay the execution if the proceedings have not been conducted pursuant to law.

As the record discloses that plaintiff has failed to proceed according to law, the execution should be stayed. However, defendants' claim for reasonable attorney's fees and costs is another matter for the act, 41 P.S. §407, provides: "Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs. . . ."

Obviously, an order staying execution in the instant case and a finding of no impropriety in the confession of judgment do not entitle defendants, as debtors, to reasonable attorney's fees and costs as they have not prevailed in an action to remove, suspend or enforce a confession of judgment. Plaintiff would have the right to proceed to execution upon proper compliance with the act and rules of civil procedure.

### ORDER

And now, February 19, 1980, defendants' request for attorney's fees and costs, and to open judgment is denied; their petition to stay execution is granted, and it is ordered that the sheriff's sale of August 25, 1979 is hereby set aside; plaintiff is directed to proceed to judgment pursuant to Pa.R.C.P. 2981 et seq.