## Mahorsky v. Mahorsky

*David A. Martino*, for plaintiff.
*Charles S. Smith*, for defendant.

VANANTWERPEN, *J.*, June 2, 1982—This matter comes before us on defendant's preliminary objections in the nature of a demurrer, motion to strike, and motions for a more specific pleading to plaintiff's petition for relief under the Amended Protection from Abuse Act of October 7, 1976, P.L. 1090, 35 P.S. §10181 et seq. (hereinafter the "Act").

Defendant argues that the material facts alleged are insufficient for him to discern his defense, and points to Paragraph 4 of the petition which reads as follows:

4. That on several occasions prior to and on February 12, 1982, Respondent intentionally, knowingly and recklessly caused bodily injury to Petitioner, physically abused her, and placed her in a physical menace, in such that she was in fear of imminent serious bodily injury and forced her to leave the marital residence.

Defendant further alleges that unless the act is construed as requiring specific pleadings, it is unconstitutional and that plaintiff is improperly requesting counsel fees in her complaint.

Plaintiff asserts, in the alternative, that preliminary objections are not available in abuse actions and that plaintiff's petition alleges sufficient facts to maintain this action. Although the contempt is criminal in nature, the Protection from Abuse Act is a vanguard civil measure designed to protect against abuse. Cipolla v. Cipolla, 264 Pa. Superior Ct. 53, 398 A. 2d 1053 (1979). The act has been held to be constitutional. Boyle v. Boyle, 12 D. & C. 3d 767 (1979).

Section 4 of the act provides that "A person may seek relief . . . by filing a petition with the court alleging abuse by the defendant." Section 9 of the act provides that "Any proceeding under this act shall be in accordance with the Rules of Civil Procedure . . ." Pursuant to its rulemaking power,[1] the Supreme Court of Pennsylvania has adopted Rules of Civil Procedure 1901 through 1905 which pertain to protection from abuse actions.

_____

1. Article V, Section 10(c) of the Pennsylvania Constitution of 1968.

Pa.R.C.P. 1904 provides "No pleading need be filed in response to the petition or the certified order and all averments not admitted shall be deemed denied." There is nothing in Pa.R.C.P. 1904 which prohibits the filing of a pleading in response to the petition, and the language allowing express admission would obviously contemplate that a responsive pleading may be filed. We do not believe, however, that preliminary objections qualify as such a responsive pleading.

Although the petition or order may be served in the same manner as in equity under Pa.R.C.P. 1903(a) and under Pa. R.C.P. 1905 the decision of the court and the filing of exceptions thereto conforms to Pa.R.C.P. 1938(b) to (e), there is no express provision in the Act or Rules of Civil Procedure which makes Pa.R.C.P. 1017 "Pleadings Allowed" applicable to protection from abuse actions. Pa.R.C.P. 1017, which allows the filing of preliminary objections and its companion rules pertaining to assumpsit, are expressly made applicable to certain other types of actions at law.[2]

The practice on the filing of petitions has generally been governed by Pa.R.C.P. 206 through 209. No provision is made in these rules for the filing of preliminary objections. Case law has consistently held that there is no right to file preliminary objections to a petition[3] Tonuci v. Lennon, 13 D. & C. 2d 791 (1958) aff'd in part and reversed on

_____

2. Pa.R.C.P. 1041 Trespass, 1051 Ejectment, 1061 Quiet Title, 1071 Replevin, 1091 Mandamus, 1111 Quo Warranto, 1161 Ground Rent.

3. We note that in Boyle v. Boyle, supra, the parties were permitted to proceed by way of preliminary objections, but the issue of the propriety of preliminary objections was not expressly addressed by the court. Accordingly, Boyle's law does not permit such objections.

other grounds 186 Pa. Superior Ct. 522, 142 A. 2d 745; Hollinger v. Penn Harris Real Estate, Inc. 39 D. & C. 2d 201, (1966); Brown v. McClure, McClure Newspaper Syndicate 44 Luz. L. Reg. 296 (1954); Consolidated Real Estate v. Northumberland County, 72 D. & C. 23 (1950).

The entire thrust of the act and rules of civil procedure is to create an efficient, simple and rapid vehicle for the resolution of family disputes. To allow the filing of preliminary objections would frustrate the very purpose of the act. For this reason and those set forth above, we decline to permit the filing of preliminary objections in protection from abuse matters.[4]

Wherefore, we enter the following

## ORDER

And now, June 21, 1982, defendant's preliminary objections are denied, dismissed and stricken

---

4. Were we to allow the filing of such objections, we would undoubtedly reach the same result as to specificity as we believe the factual averments are sufficient. The pleading is sufficient if it summarizes the material facts; evidentiary elements involved in a particular issue should not be alleged. D'Antona v. Hampton Grinding Wheel Co., 225 Pa. 120, 310 A. 2d 307 (1973); Baker v. Rangos, 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974). If the knowledge of the parties is equal, one party cannot compel the other to plead with greater particularity. Local No. 163 International Union of United Brewery, Flower, Cereal, Soft drink and Distillery Workers of America v. Watkins, 417 Pa. 120, 207 A. 2d 776 (1965); Scherman v. Calantoni, 42 North. 119 (1971). As to counsel fees, courts have no power absent express statutory authority to award counsel fees to a successful litigant. Shapiro v. Magaziner, 418 Pa. 278, 210 A. 2d 890 (1965); Drummond v. Drummond, 414 Pa. 548, 200 A. 2d 887 (1964); Westinghouse v. International Union, 262 Pa. Superior Ct. 315, 396 A. 2d 772 (1978).

without prejudice to the right of counsel to move to strike plaintiff's request for counsel fees at time of hearing.