## Smithfield Acquisition Inc. t/a Barrick-Pittsburgh Limited Partnership v. Lehman

*Reid B. Roberts*, for plaintiff.
*Louis R. Salamon*, for defendant.

WETTICK, A.J., February 1, 1989 — These proceedings arise out of defendant's breach of a lease agreement. On March 4, 1988, the parties entered into a settlement agreement that was set forth in an order of court consented to by the parties. This consent order of court required defendant to deliver various equipment to plaintiff, to provide an accounting of rental collections and security deposits, and to make various payments of money. Defendant has complied with each of the provisions within the March 4, 1988 order of court except for those provisions requiring the payment of $20,000 to plaintiff and $1,659.79 to plaintiff's counsel by March 31, 1988.

. Plaintiff has instituted civil contempt proceedings in which it requests this court to incarcerate defendant Jerome N. Lehman until he makes the payments in compliance with the March 4, 1988 order of court. Plaintiff contends that this court has the authority to incarcerate this defendant until the payments are made pursuant to its inherent power to enforce court orders and decrees by imposing appropriate sanctions for failure to comply with the provisions of an order or decree.

However, the provisions of the March 4, 1988 order of court which plaintiff seeks to enforce arise from the non-payment of money due on a contract. Historically courts were barred from arresting a person for non-payment of a judgment or decree founded upon contract by the Act of July 12, 1842, P.L. 339, 12 P.S. §257, which was repealed and replaced by section 5108 of the Judicial Code (42 Pa.C.S. §5108).

The Act of July 12, 1842 abolished imprisonment for failure to pay a debt. However, this act excepted contempts to enforce civil remedies from this prohibition against imprisonment for debt.

"No person shall be arrested or imprisoned on any civil process issuing out of any court . . . in any suit or proceeding instituted for the recovery of money due upon any judgment or decree founded upon contract, express or implied, or for the recovery of any damages for the non-performance of any contract, excepting in proceedings as for contempt, to enforce civil remedies. . . ."

Section 5108(b) of the Judicial Code contains a similar exception for contempt:

"Except in an action for fines and penalties, or as punishment for contempt, or to prevent departure from the commonwealth, a defendant may not be arrested in any civil matter."

From shortly after the enactment of the Act of July 12, 1842 to the present, the appellate courts have consistently held that the contempt exception must be narrowly construed in order that the purpose of the legislation — the abolishment of imprisonment for debt — not be undermined by artificial distinctions or legal niceties or circumvented by subsequent acts of the creditor. See *Scott v. The Jailer*, 1 Grant 237 (1855):

"But the question arises whether the exception in favor of 'proceedings as for contempt to enforce civil remedies,' embraces constructive contempts, arising from the non-payment of money due on a contract, after the amount has been ascertained by a decree in equity. The words of the exception might, it is true, be construed to embrace such cases. But we must not lose sight of the main object of the statute, which was to relieve from imprisonment in all cases where no offense appears, except that of omitting to pay money due on a contract. That omission may be as likely to arise from inability and misfortune as from perverseness. Where there is no evidence of fraud, in disobeying the decree,

there is no contempt at all, within the meaning of the exception." *Scott* at 238.

*Morrison v. Blake,* 33 Pa. Super. 290 (1907):

"In construing this act the courts have ever looked beyond the form into the real nature of the transaction to determine whether it fell within the prohibition of, or the exception to, the statute. If the obligation to pay is founded upon a contract, express or implied, the refusal or inability to pay is but a breach of the primary underlying contract, and the defaulting debtor must, in obedience to the supreme legislative will, be given the benefit of the prohibition declared in the statute." *Morrison* at 296.

*Stull v. Stull,* 126 Pa. Super. 255, 191 Atl. 187 (1937):

"[T]here can be no question that the bill in equity filed by the appellant in this case was a bill for the enforcement of a contract for the payment of money and nothing more; and that the decree of the court entered in said suit was for the payment of money alone. An unbroken line of authorities, since the Act of 1842, *supra,* holds that such a decree will not be enforced by attachment of the person, as for contempt of court, in failing or refusing to make the payment pursuant to the decree." *Stull* at 259, 191 Atl. at 188. (citations omitted)

*Tonuci v. Lennon,* 186 Pa. Super. 522, 142 A.2d 745 (1958):

"[T]here is no question that an equity court has the power to enforce its decrees by attachment: (citation omitted). . . . It appears to be well settled, however, that an attachment may not be issued to enforce a decree calling merely for the payment of money: (citations omitted)." *Tonuci* at 525, 142 A.2d at 746.

And *Brodsky v. Philadelphia Athletic Club,* 277 Pa. Super. 549, 419 A.2d 1285(1980):

"In doing so, we express no opinion concerning

the propriety of those orders by which the chancellor attempted to enforce the decree for the payment of money. It may be observed, however, that in the absence of fraud, the abolition of imprisonment for debt prevents the issuance of an attachment of a defendant's person to enforce a decree for the payment of money." *Brodsky* at 554-5, 419 A.2d at 1288.

Cases in which the appellate courts have held that the statutory prohibition against arrest and imprisonment for debt bars enforcement of a court order or decree through contempt for non-payment of money include *Scott v. The Jailer, supra* (a decree compelling payment of money due under a contract); *Pierce's Appeal,* 103 Pa. 27 (1883) (a decree for the payment of money due under a partnership agreement); *Stull v. Stull, supra* (a decree based on a separation agreement providing for payment of money); *Brierhurst Realty Co. v. Lembrecht,* 299 Pa. 9, 148 Atl. 863 (1930) (a decree based on a contract of employment); *Colburn v. Colburn,* 279 Pa. 249, 123 Atl. 775 (1924) (a decree based upon a separation agreement for the payment of money); *Commonwealth ex rel. DiGiacomo v. Heston,* 292 Pa. 63, 140 Atl. 533, (1928) (a consent decree for money due under a partnership); *Ross v. Dever,* 298 Pa. 146, 148 Atl. 75 (1929) (a decree for the payment of money due under a contract); and *Tonuci v. Lennon, supra* (a decree for the payment of an auditor's fee).

In the present case, the consent order of court for the payment of money arises out of defendant's alleged breach of a contract. Consequently, plaintiff's petition requesting the issuance of an attachment to enforce the order is barred by Pennsylvania's statutory prohibition against imprisonment for debt.

16

## ORDER OF COURT

On this February 1, 1989, it is hereby ordered that plaintiff's petition for the issuance of an attachment is denied.